SOPHIA CARON *vs.* AMERICAN MOTORISTS INSURANCE
COMPANY OF CHICAGO, ILL., & another.

Hampden.     November 2, 1931. — November 4, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Motor vehicle liability.     *Motor Vehicle,* Operation.

A policy of insurance issued under § 34A, inserted in G. L. c. 90 by St. 1925,
c. 346, § 2, to the owner of a motor truck used by him in the business of
delivering ice, does not provide indemnity against loss by reason of
liability to pay damages in accordance with a judgment recovered by
a pedestrian, who, in passing on a crosswalk on a public way behind the
truck while it was not in motion, fell and was injured when he slipped
upon a piece of ice which had broken from cakes being removed from
the truck and had fallen to the crosswalk.

BILL IN EQUITY, filed in the Superior Court on September 13, 1930.

The suit was heard in the Superior Court on an agreed
statement of facts by *Whiting,* J., by whose order there
was entered a final decree dismissing the bill. The plaintiff
appealed.

The case was submitted on briefs.

*H. A. Moran,* for the plaintiff.

*G. H. Whittemore & J. P. Moriarty,* for the defendant
insurance company.

RUGG, C.J. This is a suit in equity brought to enforce
payment of a judgment for damages for personal injuries
recovered by the plaintiff against one Frank L. Gibbs,
insured under a policy of insurance issued by the defendant.
G. L. c. 175, § 112; c. 214, § 3, (10). *Lorando* v. *Gethro,*
228 Mass. 181. The case was submitted upon an agreed
statement of facts. Thus it appears that the defendant
issued a policy of liability insurance of the character re-
quired by St. 1925, c. 346, commonly known as the com-
pulsory motor vehicle insurance law. By such policy the
defendant agreed to indemnify the insured, or any one
responsible for the operation of his motor truck with his

express or implied consent, against loss by reason of the liability to pay damages to others for bodily injuries. This policy was in force at the time of the accident to the plaintiff.

In July, 1927, the motor truck in question was being used by the insured in the business of delivering ice, and was parked on a public street for the purpose of making delivery of ice to a nearby store.   The tailboard of the truck projected up to or across that portion of the street used by pedestrians.   There was evidence that pieces of ice, which had broken from cakes of ice being removed from the truck, had fallen to the crosswalk.   While the plaintiff was crossing the street and about to pass in the rear of the motor truck, she stepped upon one of these pieces of ice, thereby being caused to fall with resulting personal injuries.   For such injuries she recovered final judgment in an action against the insured for a substantial sum which remains unsatisfied.   The question is whether injuries of this nature are within the scope of the insurance policy issued by the defendant.

No copy of the policy is in the record.   It must be presumed, however, that it was issued in accordance with § 34A inserted in c. 90 of the General Laws by St. 1925, c. 346, § 2, and that it provided indemnity to the insured "against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of said policy by any person . . . [with exceptions not here material] . . . arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle . . . ."   The title of said c. 346 is "An Act requiring owners of certain motor vehicles and trailers to furnish security for their civil liability on account of personal injuries caused by their motor vehicles and trailers."

We are of opinion that these statutory words do not comprehend the personal injuries sustained by the plaintiff.   The use of the motor vehicle of the insured upon a public way was not the cause of the plaintiff's injuries.   That motor vehicle was not in motion.   The plaintiff's injury did not result from its being stationary on the public way.   It re-

sulted entirely from the conduct of the one disposing of the contents of that motor vehicle in the way which, as matter of common knowledge, is customary in delivering ice. Transportation by motor vehicle of the ice which caused the injury to the plaintiff had ended. The ice had come to rest upon the street. In that place it had no connection with the motor vehicle. The injury might have been caused either by the operator of the motor vehicle while preparing to deliver ice or by the conduct of his helper in connection with such delivery, or as one of the usual incidents of such delivery. It might as well have resulted from such conduct in connection with a horse-drawn or hand-pushed vehicle. It had no peculiar or necessary connection with a motor vehicle as such. The general purpose of the Legislature in enacting said c. 346 does not appear to include injuries of the nature here in issue. See *Opinion of the Justices*, 251 Mass. 569, 594–599. Without undertaking to delimit the words of the statute or to narrow the beneficent purpose of the General Court in enacting it, it is enough to say that the facts of the present case do not fall within its scope. It follows that the injury to the plaintiff was not within the terms of the policy of insurance issued by the defendant.

*Decree dismissing bill affirmed with costs.*