JANE A. MULLEN *vs.* HARTFORD ACCIDENT AND
INDEMNITY COMPANY & another.

Suffolk.    May 14, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability.

Where, through the negligence of the owner of a motor vehicle parked on
a public way, oil leaked out of a crack in the crank case onto the way,
and, after the owner had driven the vehicle away, a pedestrian sus-
tained personal injuries through slipping upon the oil and falling, such
injuries were "bodily injuries . . . arising out of the ownership,
operation, maintenance, control or use" of the vehicle on the way
within the meaning of a policy of compulsory motor vehicle liability
insurance issued to the owner; distinguishing *Caron* v. *American
Motorists Ins. Co.* 277 Mass. 156.

BILL IN EQUITY, filed in the Superior Court with a writ
of summons and attachment dated October 30, 1933.

The suit was heard by *Pinanski*, J., upon an agreed
statement of facts. Material facts are stated in the
opinion. By order of the judge, a decree in the plaintiff's
favor was entered. The defendant Hartford Accident and
Indemnity Company appealed.

*J. J. Mulcahy*, for the defendant Hartford Accident and
Indemnity Company.

*R. H. Lee*, for the plaintiff.

PIERCE, J. This is a suit in equity to enforce the pay-
ment of a judgment recovered by the plaintiff against one
Sidney Sacks, who was insured under a policy issued by
the defendant company. The policy was issued in accord-
ance with § 34A, inserted in c. 90 of the General Laws by
St. 1925, c. 346, § 2, and provided, as appears by a copy in
the record, indemnity to the insured "against loss by rea-
son of the liability to pay damages to others for bodily
injuries . . . sustained during the term of this policy by
any person . . . [with exceptions not here material] aris-
ing out of the ownership, operation, maintenance, control

or use upon the ways of . . . [the] Commonwealth" of the motor vehicle of Sacks. The title of said c. 346 is "An Act requiring owners of certain motor vehicles and trailers to furnish security for their civil liability on account of personal injuries caused by their motor vehicles and trailers." The case was heard in the Superior Court upon an agreed statement of facts, and a decree was entered establishing the indebtedness of the defendant Hartford Accident and Indemnity Company. That company appealed to this court.

Shortly stated, pertinent agreed facts are as follows: In the late afternoon of July 26, 1932, the defendant Sidney Sacks left his truck parked on a public way in front of his place of business and negligently permitted a quantity of oil to escape from a crack in its crank case. This oil leaked out and ran onto a portion of said public highway adjoining Sacks's premises. Sacks knew of the crack in the crank case during the day of the accident, that it had existed a few days prior thereto, and that oil was leaking therefrom onto the highway. By inference it appears that Sacks drove his truck away sometime before 8:15 P.M., July 26, 1932. As an agreed fact it appears that about 8:15 P.M. the plaintiff, while crossing the highway, in the exercise of due care, slipped and fell, as a result of the oil negligently allowed to accumulate on the street, and suffered personal injuries. The plaintiff brought an action against Sidney Sacks in the Municipal Court of the City of Boston and recovered judgment. The company took no part in the tort action and refused to pay the execution. This suit was brought against the company to reach and apply its obligation more than thirty days after entry of judgment in the action. G. L. (Ter. Ed.) c. 175, § 112; c. 214, § 3 (10).

The Hartford Accident and Indemnity Company "raises but one issue in this case, namely, do the words of the policy 'bodily injuries . . . arising out of the ownership, operation, maintenance, control or use' comprehend the personal injury suffered by the plaintiff?" It relies exclusively upon *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156, and contends that the quoted words do not

comprehend the injury suffered by the plaintiff. The agreed facts in *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156, disclose that in July, 1927, a motor truck used by the insured in the business of delivering ice was parked on a public street for the purpose of delivering ice to a nearby store. The tailboard of the truck projected up to ·or across that portion of the street used by pedestrians. There was evidence that pieces of ice which had broken from the cakes of ice being removed from the truck had fallen to the cross walk; that while the plaintiff was crossing the street and was about to pass the rear of the truck she stepped upon one of these pieces of ice, thereby being caused to fall with resulting injuries. She recovered judgment against the insured, and this court held that the injuries sustained by the plaintiff were not such injuries as were within the scope of the insurance policy issued by the defendant. Summarized, the decision rests upon the following grounds: The statute was intended to apply only to personal injuries resulting from the faulty and tortious use of a motor vehicle upon a public way. The ice had come to rest upon the street. Upon the street it had no connection with the motor vehicle — the injury might have resulted as well in connection with a horse-drawn or hand-pushed vehicle. The ice had no peculiar or necessary connection with a motor vehicle as such. In the instant case the resemblance to the case of *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156, is found in the fact that the oil was separated from the motor vehicle, had come to rest on the public street and had remained in that position for an appreciable time after the defective motor truck was driven away from the place where it had been parked, and had leaked upon the public street. The distinction between the cited case and the instant case is plain. In the case at bar there is a necessary connection between the injurious condition of the street and the motor vehicle. The escape of oil was peculiar to automobiles and intrinsically related to the machine itself and not to the load it happened at the moment to be carrying.

*Decree affirmed, with costs.*