UNITED MUTUAL FIRE INSURANCE COMPANY, Appellant, *v.* JAMESTOWN MUTUAL INSURANCE COMPANY, Respondent.

Fourth Department, November 9, 1934.

*John D. Sullivan [William DeGraff* of counsel], for the appellant.

*Harold J. Adams [Percy R. Smith* of counsel], for the respondent.

THOMPSON, J. Plaintiff fire insurance company has paid a loss sustained by a holder of one of its policies. Here it sues defendant liability insurance company for the sum that it paid, upon the ground of defendant's liability, under an automobile policy issued by defendant to the person who, plaintiff charges, negligently caused the fire which effected the loss. The complaint alleges that by the terms of the policy defendant agreed to indemnify the insured " for any one accident, against loss from liability imposed by law upon him for damages on account of damage to or destruction of property of any description * * * *as a result of the*

*ownership, maintenance or use of a certain automobile.''* It further sets up the assignment to plaintiff of the cause of action, the recovery of a judgment by plaintiff against defendant's assured, the filing of the judgment roll, the entry and docket of the judgment, the issuing of an execution, the insolvency of the judgment debtor, and the return of the execution wholly unsatisfied. Defendant moved for judgment on the complaint on the ground that it appears on the face of it that it does not state facts sufficient to constitute a cause of action. Here we have an appeal from the order of the Special Term granting the motion.

As already appears, defendant's policy agreed to indemnify its insured for loss sustained " as a result of the ownership, maintenance or use of a certain automobile." The facts which plaintiff pleads to establish defendant's liability to it under the policy are that while engaged in doing certain maintenance work on his automobile, the insured carelessly and negligently caused a bucket of gasoline used by him in said work to tip over and spill onto the floor; that the gasoline spread over the floor to a stove containing a fire for the necessary heating of the garage, became ignited and caused serious damage to the property of plaintiff's assignor. In support of its conclusion that in this respect the complaint does not state a cause of action, the Special Term cites *Steir* v. *London Guarantee & Accident Co., Ltd.* (227 App. Div. 37; affd., without opinion, 254 N. Y. 576) and *Hill* v. *New Amsterdam Casualty Co.* (211 App. Div. 747). Assuming that we are concluded by these cases, we are impressed that they are distinguishable.

In the *Steir* case, in which the coverage of the policy was identical with that of the one in suit, the infant plaintiff was burned because of the insured's casting a lighted match into an open can of kerosene with which he " was engaged in cleaning his automobile by dipping the spark plugs " into it, and which, to save his automobile, he kicked away from the automobile and towards the infant. The court held that the proximate cause of the accident did not arise out of the open can of kerosene, but from the throwing of the lighted match into it, which action, the court further held, constituted an intervening, independent cause, resulting, in the natural sequence of events, in the injury to the plaintiff. " The match * * * was in no sense connected with the automobile or its ownership, operation or maintenance," said the court in reversing plaintiff's judgment and dismissing the complaint.

In the *Hill* case, where the policy insured against " loss from the liability imposed by law upon the assured for damages * * * as the result of an accident * * * caused by the automobile," the insured lighted a match to ascertain how much gas was in the

tank. The court held that the insured automobile could not be said to be the proximate cause of the injury, the lighting of the match being an independent, intervening cause.

As we construe the complaint in the case at bar, we find no room for suggestion that an intervening or proximate cause outside of the maintenance of the automobile caused the injury to the property of plaintiff's assignor. It clearly alleges that injuries were caused by the careless and negligent use of gasoline by the insured, and the ignition of it by the fire in the stove. The damaging fire could only be caused by the two forces acting in concert. Each had a particular and essential part; neither could have produced it alone. They were not concurrent causes, in which case both would have been proximate causes. They were successive in their operation; so one of them must be the proximate, and the other the remote cause of the accident. (*Roedecker* v. *Metropolitan Street R. Co.*, 87 App. Div. 227, 231.)

As already stated, the complaint charges in essence that the use of the gasoline and the presence of the stove in the heating of the garage were both essential to the maintenance of the automobile. True, it does not allege the keeping of the fire to have been negligent, but only the spilling of the gasoline. The question of proximate cause is ordinarily one of fact for the jury. (*Hall* v. *N. Y. Telephone Co.*, 214 N. Y. 49.) We cannot say here, as matter of law, that the careless tipping over of the can containing the gasoline was not the proximate cause of the fire, consequently we must hold that the complaint states a cause of action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days upon payment of the costs of the motion and of this appeal.