MERCHANTS CO. *et al. v.* HARTFORD ACCIDENT & INDEMNITY
CO. *et al.*

(Division A. May 15, 1939. Suggestion of Error Overruled Jan. 2,
1940.)

[188 So. 571. No. 33701.]

**Watkins & Eager,** of Jackson, for appellants, Saint Paul Mercury Indemnity Company.

Green, Green & Jackson, of Jackson, for appellant, The Merchants Company.

Hannah, **Simrall** & **Foote**, of Hattiesburg, for appellee.

Argued orally by **Forrest B. Jackson**, for appellant, The Merchants Co., by **Tom Watkins**, for appellant, St. Paul Mercury & Indemnity Co., and by **L. Y. Foote**, for Hartford Accident & Indemnity Company.

**Griffith, J.**, delivered the opinion of the court.

The Merchants Company, a wholesale distributor, used a number of automobile trucks in making deliveries to retail customers. While so engaged, one of its trucks went into a roadside ditch of a public highway, and it was necessary to use several large poles in extricating the truck. When this had been done, the operator of the truck drove it away, leaving the poles in the road. That night Grubbs, a traveller in a passenger automobile, struck one or more of the poles and was severely injured, for which he recovered judgment against the Merchants Company.

The mercantile company carried two policies of liability insurance, one a general liability policy in the Hartford Company, and the other, an automobile liability policy on the particular truck in the St. Paul Mercury Indemnity Company. By its policy the latter company agreed: ''To pay on behalf of the Insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages

". . . because of bodily injury . . . sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

All the parties have conceded that if there be liability to the insured by the St. Paul Company, under the quoted provisions, there is no liability under the general policy carried in the Hartford Company. The first question, therefore, is whether there is liability to the insured under the quoted St. Paul Company policy.

It is apparent upon the statement of the facts that the question is not free of difficulty; its decision, one way or the other, must stand on narrow ground. The parties have cited the following cases: Caron v. American Motorists' Ins. Co., 277 Mass. 156, 178 N. E. 286; Luchte v. State Automobile Mut. Ins. Co., 50 Ohio App. 5, 197 N. E. 421; Steir v. London Guar. & Acc. Co., 227 App. Div. 37, 237 N. Y. S. 40, affirmed 254 N. Y. 576, 173 N. E. 873; Mullen v. Hartford Acc. & Ind. Co., 287 Mass. 262, 191 N. E. 394; United States Fid. & Guar. Co. v. Breslin, 243 Ky. 734, 49 S. W. (2d) 1011; Stammer v. Kitzmiller, 226 Wis. 348, 276 N. W. 629; John Alt Furniture Co. v. Maryland Cas. Co., 8 Cir., 88 F. (2d) 36; Liberty Mut. Ins. Co. v. McDonald, 6 Cir., 97 F. (2d) 497; Panhandle Steel Products Co. v. Fidelity Union Cas. Co., Tex. Civ. App., 23 S. W. (2d) 799; Lang v. Jersey Gold Creameries, Inc. (La. App.), 172 So. 389; United Mut. Fire Ins. Co. v. Jamestown Mut. Ins. Co., 242 App. Div. 420, 275 N. Y. S. 47. None of these are precisely in point, but they seem the nearest which the diligence of counsel has been able to bring to our attention.

In examining the cited cases, it will be observed that some of them proceed as if the automobile liability policy had expressly required that the injury for which the insurer could be held must be the proximate result of the use of the automobile truck. And if the policy here before us contained that express language, it might be that liability under the St. Paul Company policy in

the present case would be denied on the ground that the proximate cause of the injury was the technically separable fact of the failure to remove the poles from the road. But we are in accord with the ruling expressed in Panhandle Steel Products Co. v. Fidelity Union Cas. Co., supra, and other cases to the same effect, that an insurance contract such as we have here does not require that the injury must be the proximate result, in the strict legal sense of that term, of a negligent act which happened in the actual use or operation of the truck; and, on the other hand, we would not assent to a contention that the policy liability would extend to something distinctly remote, although within the line of causation.

Our conclusion, under a policy such as is here before us, is that where a dangerous situation causing injury is one which arose out of or had its source in, the use or operation of the automobile, the chain of responsibility must be deemed to possess the requisite articulation with the use or operation until broken by the intervention of some event which has no direct or substantial relation to the use or operation,—which is to say, that the event which breaks the chain, and which, therefore, would exclude liability under the automobile policy, must be an event which bears no direct or substantial relation to the use or operation; and until an event of the latter nature transpires the liability under the policy exists.

Certainly the use of the poles to extricate the truck from the roadside ditch was an event which arose out of, transpired in, and was necessary to, the operation of the truck. The use of the poles in extricating the truck was a part and parcel of the operation of the truck. The next event which happened was that the truck drove away, leaving the poles in the road, but the poles were not left until the moment when the truck drove away. There was no intervention of something which had no direct or substantial relation to the use or operation.

The use of the poles in extricating the truck and thence the driving away and leaving the poles in the road thus

had such a direct and substantial relation or connection in point of actual fact as respects the use and operation of the truck that in order to separate that use or break its continuity, we must interpose or insert, not an independent act, there being none such, but the negligent omission to remove the poles from the road, which, if allowed, would be to insert or interpolate into the constrictly proximate cause; and, under familiar rules, we tract a provision that liability shall follow only as to a cannot rewrite the insurance contract by interpolating that provision therein.

We are of the opinion that the St. Paul Company is liable under its contract to the insured; and this renders it unnecessary to discuss the other questions argued. The appeal is from an interlocutory decree, hence the order here will be

Affirmed and remanded.

### On Suggestion of Error.

PER CURIAM:—On consideration of the suggestion of error it was decided to set aside the former judgment and to refer the appeal to the full Court. The entire question has now been re-examined, with the result that the opinion by Division A, reported in Miss.; 188 So. 571, is approved, and the former judgment is reinstated.

Suggestion of error overruled.

**McGowen, J.,** and **Smith, C. J.,** dubitante.