## MARYLAND CASUALTY CO. v. TIGHE et al.

### No. 4279-S.

District Court, N. D. California, S. D.

Sept. 11, 1939.

Treadwell & Laughlin, of San Francisco, Cal., for plaintiff.

Young & Ryan, of Oakland, Cal., for defendant Mazilla Tighe.

Charles B. Morris and Carroll B. Crawford, both of San Francisco, Cal., for defendants Ah Chong and Leong Cheung.

ST. SURE, District Judge.

Plaintiff, alleging diversity of citizenship, invokes the Federal Declaratory Judgment Act (28 U.S.C.A. § 400) to have its rights determined under an automobile policy of insurance issued to defendant Ah Chong.

Defendant Mazilla Tighe brought an action in the state court against defendants Ah Chong and Leong Cheung for damages for personal injuries resulting from a collision with her while she was walking along a sidewalk in Sutter Street, San Francisco. Plaintiff had issued a policy of insurance to defendant Ah Chong, a fruit and vegetable peddler, insuring against bodily injury liability and property damage "arising out of the ownership, maintenance or use of the automobile," "including the loading and unloading thereof." (Quoted language from policy.) While the action was pending in the state court, plaintiff brought this suit seeking a declaratory judgment and a preliminary injunction staying the prosecution of the action in the state court. Plaintiff asks this court to declare the rights and legal relations of the parties, and that it decree that plaintiff is under no obligation to defend the action in the state court and not liable under said policy for Mazilla Tighe's injuries. On June 30, 1938, District Judge Walter C. Lindley, presiding, overruled a demurrer to the complaint and allowed a temporary injunction. D.C., 24 F.Supp. 49.

Thereafter trial was had upon the merits, and the questions for decision are (1) whether the District Court has jurisdiction under the declaratory relief act to entertain a suit against defendant Mazilla Tighe; (2) whether the District Court had jurisdiction to grant the preliminary injunction staying trial of the case in the state court; (3) whether plaintiff waived its right to make a defense herein; and (4) whether the state action and injury in question are covered by the policy.

■ The first three questions may be readily answered in the affirmative. The right of the court to entertain the action is settled by Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697. Section 265 of the Judicial Code (28 U.S.C.A. § 379) places no limitation upon the jurisdiction of the Federal court, and if the complaint discloses a case for the exercise of equitable and injunctive powers an injunction may issue as it did in the present case. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678; Sovereign Camp, Woodmen of the World, v. O'Neill, 266 U.S. 292, 298, 45 S.Ct. 49, 69 L.Ed. 293; Alliance Insurance Co. of Philadelphia v. Jamerson, D.C., 12 F.Supp. 957; Jamerson v. Alliance Ins. Co. of Phila., 7 Cir., 87 F.2d 253. Because of the view hereinafter expressed upon the coverage question that of waiver becomes immaterial.

The provisions of the policy applicable to coverage are as follows:

"The purposes for which the automobile is to be used are Commercial.

"(a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) The term 'commercial' is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation as expressed in Item 1. (c) Use of the automobile for the purposes stated includes the loading and unloading thereof. * * *

"Coverage A—Bodily injury liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.".

The remaining question then is whether the defendants were in the act of *unloading* the truck when the accident happened. There is no dispute that the defendants were using the automobile commercially for the transportation and delivery of vegetables in direct connection with the insured's business occupation as expressed in the policy.

In the action in the state court the pleadings admitted that the truck was parked alongside the curb about ten feet from the Piccadilly Inn. The assistant on the truck (one of the defendants) carried from the truck and into the Inn some vegetables and was returning to the truck when he ran across the sidewalk looking backwards, and collided with Mazilla Tighe (plaintiff in said action). The evidence here shows that instead of the truck's being parked at the curb ten feet from Piccadilly Inn, it was parked at the curb on the opposite side of the street, and that the assistant making the delivery intended to return to the truck for further produce to be delivered to the Inn.

Plaintiff cites a number of cases whose similarity to the instant case is that in each an automobile was used by the insured for delivery purposes, but the crucial point of liability depending upon the "unloading" of the vehicle was determined in the light of the facts in each case. And that must be the test here.

Plaintiff contends "(1) that unloading is complete when the goods are physically removed from the truck, and that the process of delivery is entirely different from unloading; (2) that if, under any circumstances, delivery is part of unloading, the unloading is complete when the delivery is actually made; (3) so far as some future or additional unloading is concerned, it certainly would not start until some physical act was performed on or about the truck for the purpose of effecting such unloading, and the mere intent in the mind of the boy in returning from the Piccadilly Inn, crossing the sidewalk and crossing the street, to unload some further goods constituted no act of unloading within the meaning of the policy."

■ Such a construction of the policy as that contended for is entirely too narrow.

Insured was using his truck in making delivery of produce to a customer. When the accident happened, the process of unloading was in operation. It was a continuing process, including delivery, and could not be complete until all of the produce was delivered to the Inn. The accident happened while the unloading was being consummated. The facts show that the state action and the alleged injury are covered by the policy. Such a construction is consistent with both reason and justice, and is supported by Carl Ingalls, Inc. v. Hartford Fire Ins. Co., 137 Cal.App. 741, 31 P.2d 414; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L.Ed. 235, 31 A. L.R. 102.

Upon the issues presented I therefore find (1) that the United States District Court has jurisdiction under the Federal declaratory relief act to entertain this suit; (2) that this Court had jurisdiction to stay the trial of the action in the state court, and the preliminary injunction for that purpose was, under the circumstances, properly allowed by this Court; (3) that plaintiff did not waive its right to make a defense in this suit; and (4) that the state action and injury in question is covered by the policy.