## MARYLAND CASUALTY CO. v. TIGHE et al.

### No. 9473.

Circuit Court of Appeals, Ninth Circuit.

Nov. 8, 1940.

Edward F. Treadwell, Reginald S. Laughlin, and Russell E. Barnes, all of San Francisco, Cal., for appellant.

Charles B. Morris and Carroll B. Crawford, both of San Francisco, Cal., for appellees Ah Chong and others.

Joseph J. Yovino-Young and Rupert R. Ryan, both of Oakland, Cal., for appellee Tighe.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a declaratory judgment which, in an action by appellant, Maryland Casualty Company, against appellees, Mazilla Tighe, Ah Chong and Leong Cheung,[1] declared the rights of the parties in respect of an automobile insurance policy issued by appellant to Ah Chong on April 3, 1937. Maryland Casualty Co. v. Tighe, D.C., 29 F.Supp. 69.

The policy comprised, inter alia, "declarations" and "insuring agreements." The "declarations" read, in part, as follows: "The occupation of the named insured [Ah Chong] is fruit and vegetable peddler. * * * The purposes for which the automobile[2] is to be used are commercial. * * * The term 'commercial' is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation. * * * Use of the automobile for the purposes stated includes the loading and unloading thereof."

By the "insuring agreements," appellant agreed, subject to the limitations, exclusions, conditions and other terms of the policy, (1) to "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile," and (2) to "defend in his name and behalf any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent."

The policy defined the term "insured" as including "not only the named insured, but also any person while using the automobile and any person * * * legally responsible for the use thereof, provided that the declared and actual use of the automobile is * * * 'commercial' * * * as defined herein, and provided further that the actual use is with the permission of the named insured."

On January 25, 1938, while the policy was in force, Tighe commenced an action against Ah Chong and Leong Cheung in a State court of California, alleging that on November 26, 1937, Leong Cheung was an employee of Ah Chong and, as such employee, made a delivery of vegetables to Piccadilly Inn, a restaurant on Sutter

---

[1] Appellant is a Maryland corporation doing business in California. Tighe and Leong Cheung are citizens of California. Ah Chong is a Chinese alien residing in California.

[2] Elsewhere described as a 1½ ton truck.

Street in San Francisco, California, from a delivery truck parked at the curb near the entrance to Piccadilly Inn; and that, as Tighe was walking in an easterly direction on the sidewalk in front of Piccadilly Inn, Leong Cheung, having made the aforementioned delivery of vegetables to Piccadilly Inn, negligently and carelessly ran from the entrance thereof toward the truck while looking backward over his shoulder and, in so doing, collided with Tighe and caused her bodily injuries for which she prayed damages in the sum of $10,390.

Asserting that the truck mentioned in Tighe's complaint was the automobile mentioned in the insurance policy, and that the accident in which Tighe's injuries, if any, were received was within the coverage of the policy, Ah Chong and Leong Cheung requested appellant to defend in their names and behalf the action brought against them. Appellant did so defend, but denied that it was obligated to do so and, asserting that the accident was not within the coverage of the policy, brought its action for a declaratory judgment. Appellant's action resulted in a judgment which, in effect, rejected its contention and upheld that of Ah Chong and Leong Cheung. This appeal followed.

It is conceded that the truck mentioned in Tighe's complaint and the automobile mentioned in the insurance policy were one and the same; that Leong Cheung was at all times mentioned in Tighe's complaint an employee of Ah Chong; that, if Leong Cheung used the truck mentioned at any of the times mentioned, such use was "commercial," within the meaning of the policy, and was with the permission of Ah Chong; and that Tighe's injuries, if any, were caused by an accident, namely, the alleged collision between her and Leong Cheung. The question here is whether that accident, if it occurred, arose out of the "use" of the truck, as defined in the policy.

The trial court found, upon ample evidence, that at the time of the alleged accident the truck in question was parked against the curb on the opposite side of Sutter Street from Piccadilly Inn; that Leong Cheung removed certain vegetables from the truck, carried them across Sutter Street and across the sidewalk thereof into Piccadilly Inn and there delivered them; that he "then started to return to said truck for the purpose of obtaining further vegetables to deliver to the said Piccadilly Inn;" and that, if he collided with Tighe, "the collision happened as he [Leong Cheung] emerged from said Piccadilly Inn for the purpose of obtaining further vegetables and before the unloading of vegetables for Piccadilly Inn had been completed."

Thus, in effect, the court found that at the time of the alleged accident Leong Cheung was unloading the truck, and that the accident, if any, arose out of such unloading. Since, by the terms of the policy, such unloading constituted a "use" of the truck, the court concluded, and rightly so, that the accident, if any, arose out of such "use" and, therefore, was within the coverage of the policy. Compare State ex rel. Butte Brewing Co. v. District Court, Mont., 100 P.2d 932, and cases there cited.

Of the cases cited by appellant, it suffices to say that each of them is, on its facts, clearly distinguishable from the case at bar.

Judgment affirmed.