B & D MOTOR LINES, INC., et al., Plaintiffs, *v.* CITIZENS CASUALTY COMPANY OF NEW YORK, Defendant.

City Court of New York, Special Term, New York County, August 3, 1943.

*Herbert Stein* for Ben Weprinsky, plaintiff.

*Harold Davis* for defendant.

BYRNES, Ch. J.   Plaintiff Weprinsky recovered a judgment for personal injuries against plaintiff B & D Motor Lines, Inc., the injuries having been sustained through the latter's negligence.   B & D Motor Lines, Inc., carried an insurance policy issued by defendant whereby the latter agreed " To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury  *  *  *  sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."   The policy also provided:   " Use of the automobile for the purposes stated includes the loading and unloading thereof."   The occupation of the insured, as stated in the policy, was " Trucking."

The facts upon which plaintiff recovered a judgment against B & D Motor Lines, Inc., as recited in the affidavit which defendant has submitted in opposition to the present motion, are as follows:   " On October 16, 1941, B & D Motor Lines sent its truck to deliver three cartons to 469–7th Avenue, New York City; the freight entrance of the building is on 36th Street; the driver and his helper unloaded three cartons from the truck on to what is known as a ' jigger ', a hand conveyance used for delivery purposes.   The jigger was then wheeled or pushed a distance of approximately 30 feet to the entrance of the building, and an additional 18 feet or more into the building proper, when Weprinsky, running around a corner inside the corridor, is said to have collided with the jigger, causing a carton to fall on him and injure him."

It thus appears that the injuries to Weprinsky were the result of a collision with a " jigger " in the custody of employees of the insured who were transporting cartons from the truck to the place of business of the consignee. The question is whether the accident falls within the coverage of the policy, whether it should be held to have occurred during the process of " unloading " the truck. Weprinsky recovered a judgment against B & D Motor Lines, Inc., for $602.85. More than thirty days having elapsed after service upon defendant of notice of entry of judgment and the judgment remaining unpaid, this action was instituted pursuant to section 167 of the Insurance Law, and plaintiff Weprinsky has moved for summary judgment under rule 113 of the Rules of Civil Practice.

The accident occurred before delivery was complete, before the goods had come to rest in the premises of the consignee, even before they had reached those premises, although they were already inside the building in which the consignee was located. The cartons, one of which fell on plaintiff Weprinsky, had been loaded onto the jigger from the truck by the insured's employees; the process of unloading did not end with the entry of the jigger into the building; it was still being propelled within the building by the same persons, employees of the insured, who had transferred the cartons from the truck to the jigger. Unloading continues, at least in a case like this, until delivery is effected, and is a " use " of the truck within the meaning of the policy.

This conclusion is supported by the following cases: *Maryland Casualty Co.* v. *Tighe* (115 F. 2d 297, affg. 29 F. Supp. 69); *Maryland Casualty Co.* v. *Cassetty* (119 F. 2d 602). Compare, also, *Kennedy* v. *Consolidated Motor Lines, Inc.* (312 Mass. 84); *Wheeler* v. *London Guarantee and Accident Co.* (292 Penn. St. 156); *State ex rel. Butte Brewing Co.* v. *District Court* (110 Mont. 250). Although no applicable cases in New York have been found, a broad interpretation of the provision of the policy relating to " ownership, maintenance or use " of the automobile is indicated by the decision rendered in *Roche* v. *U. S. Fidelity & Guaranty Co.* (247 App. Div. 335, affd. 273 N. Y. 473). The following cases favor a contrary view: *Stammer* v. *Kitzmiller* (226 Wis. 348); *Franklin Co-op. Creamery Assn.* v. *Employers Liability Assurance Corp., Ltd.* (200 Minn. 230); *Morgan* v. *New York Casualty Co.* (54 Ga. App. 620).

The motion of plaintiff Weprinsky for summary judgment is granted.

Order signed.