## ST. PAUL MERCURY INDEMNITY CO. v. CROW et al.

### No. 11985.

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1947.

Reid B. Barnes, of Birmingham, Ala., for appellant.

Sam M. Johnston and William E. Johnston, both of Mobile, Ala., and C. L. Hybart, of Monroeville, Ala., for appellees.

Before McCORD, WALLER, and LEE, Circuit Judges.

PER CURIAM.

This is an action brought by the insured against their insurer for the alleged breach of a policy of liability insurance. It is admitted that the policy on which suit is brought was in full force and effect at the time the alleged liability accrued; that a loss by fire occurred and insured was cast in a suit for the sum of five thousand dollars, and in addition paid to his attorney for defending the suit the sum of five hundred dollars as a reasonable attorney's fee; that insurer failed and refused to defend the suit as provided by the terms of the policy, although given notice and requested by insured so to do.

The only question involved in this case is whether the evidence introduced on the trial was sufficient to show that the overflowing of the power unit, the fire and the resultant damage, arose out of the *use* or *unloading* of the truck and attached trailer and tank within the meaning of the policy of insurance issued by appellant.

The evidence is without dispute that an employee of the appellees had driven an oil truck, with a 745 gallon delivery tank attached, to the saw mill plant of one Kennedy, to there deliver fuel oil. The delivery was made by using a five gallon can and funnel, which were carried on the truck as a part of its equipment, and which were used in pouring the fuel oil into the power unit of the plant. While so removing the fuel oil from the trailer tank and into the power unit, the unit became filled to overflowing and the fuel oil ran out, as a result of which the oil was ignited, and the saw mill plant burned. Kennedy, the owner of the saw mill, incurred a loss of five thousand dollars from the destruction of his property by the fire, and recovered this amount through suit against appellees.

The appellant, under its policy, agreed "to pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss or use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile." Furthermore, Item 5(c) of the indemnity contract provided that the "Use of the automobile for purposes stated includes the loading and unloading thereof."

The appellant's contention that the unloading of the truck had been completed at the time of the fire is not borne out by the evidence. Maryland Casualty Co. v. Tighe, 9 Cir., 115 F.2d 297; Maryland Casualty Co. v. Cassetty, 6 Cir., 119 F.2d 602; American Oil & Supply Co. v. United States Casualty Co., 18 A.2d 257, 19 N.J.Misc. 7.

We find no reversible error in the record and the judgment is affirmed.