HERMAN WAGMAN, Plaintiff, *v.* AMERICAN FIDELITY & CASUALTY COMPANY, INC., et al., Defendants.

Supreme Court, Special Term, New York County, December 6, 1951.

*Frederick M. Garfield* for plaintiff.

*David Tepp* for American Fidelity & Casualty Company, Inc., and another, defendants.

*Chester Barrett* for Bond Stores, Incorporated, defendant.

RABIN, J.  Plaintiff seeks a judgment declaring that he is entitled to protection from liability under a policy of automobile liability insurance issued by defendant American Fidelity & Casualty Co., Inc. (" American "), to defendant Gilbert Carrier Corp. (" Gilbert "), in connection with an accident in which defendant Friederike Sladek (" Sladek ") sustained personal injuries. The policy, in addition to covering Gilbert, the named insured, covered as an insured anyone using the insured's automobile with the insured's permission.  " Use " of the automobile is defined in the policy as including " the loading and unloading thereof ".

Defendant Sladek, it was testified to, sustained her injuries when she tripped over the foot of plaintiff Wagman, a manager for defendant Bond Stores (" Bond "), while he was crossing the sidewalk and about to enter Bond's store.  Just prior to the accident Wagman had been checking clothing merchandise of Bond's which was being placed in Gilbert's truck, then situated at the curb of the sidewalk, to be transported from Bond's store.  The testimony showed that the merchandise was being placed on the truck as follows:  Two other employees of Bond — not Wagman — would bring a moveable rack, holding the clothes to be shipped, from the store to the open door of the truck.  At that point two employees of Gilbert would reach down from the truck, remove the clothes from the rack, and place them in the truck.  In this operation the employees of Gilbert remained inside the truck.  When the rack was empty a Bond employee — not Wagman, however — would return it to the store and then bring out another full rack until the shipment was completed.

While there was some testimony that Wagman, in checking and sorting the merchandise, handed some of it up to the men in the truck, this was disputed and I am satisfied that Wagman did not participate in this activity. His function was to check the clothing being loaded in the truck for shipment and, in part, to oversee and supervise the process. In the course of this activity Wagman " was going back to check on this merchandise we still had in the store which had not been rolled out, the stuff in the counters, and on my way in an accident happened " on the sidewalk in front of Bond's.

Wagman contends that he is an insured within the coverage of the policy issued by American to Gilbert. The defendant Sladek instituted action against Bond and Wagman; Bond cross-complained against Wagman as the party primarily liable; Wagman demanded that American defend on his behalf, and when American refused to acknowledge any insurance obligation to Wagman, the instant action for a declaratory judgment was brought. The issue here is, therefore, whether the promise of the defendant American to insure against liability arising out of the use of Gilbert's truck with Gilbert's permission, including the loading or unloading thereof, extends to the described fact-situation.

Whether a particular activity is comprehended within a " loading and unloading " clause has been the subject of divergent reasoning and conclusions in various jurisdictions. (See Note, 160 A. L. R. 1259–1278.) It is clear, however, that such a provision is intended to reach more than is comprised in an assurance merely against accidents arising out of the " use " of an insured vehicle. The majority rule, followed in New York, interprets the clause here concerned to mean the " complete operation " involved in the delivery to and by the carrier of the goods in commerce. (*B. & D. Motor Lines* v. *Citizens Cas. Co. of New York,* 181 Misc. 985, affd. 267 App. Div. 955, motion for leave to appeal denied 268 App. Div. 755; *Zurich Gen. Accident & Liability Ins. Co.* v. *Eagle Ind. Co.,* 279 App. Div. 574; *Krasilovsky Bros. Trucking Corp.* v. *Maryland Cas. Co.,* 54 N. Y. S. 2d 60; *Paterson Trucking Co.* v. *Liberty Mut. Ins. Co.,* N. Y. L. J., June 22, 1945, p. 2398, col. 6 [City Court, BYRNES, C. J.]; [*American*] *Lumbermans Mut. Cas. Co. of Illinois* v. *Schoenfeld,* 17 Auto. Cases [C. C. H.] 270 [U. S. Dist. Ct., S. D. N. Y.]; Note, 160 A. L. R. 1259, 1267–1272; *Maryland Cas. Co.* v. *Dalton Coal & Material Co.,* 184 F. 2d 181 [C. A. 8th]; *London Guar. & Accident Co.* v. *White & Bros.,* 188 Va. 195; *Coulter* v. *American Employers' Ins. Co.,* 333 Ill. App. 631; *American Employ-*

*ers' Ins. Co.* v. *Brock,* 215 S. W. 2d 370 [Tex. Civ. App.].) There are some instances where the unloading process was held completed as soon as the objects of commerce '' came to rest '' (*Stammer* v. *Kitzmiller,* 226 Wis. 348; *American Cas. Co.* v. *Fisher,* 195 Ga. 136; *St. Paul Mercury Ind. Co.* v. *Standard Accident Ins. Co.,* 216 Minn. 103), but in the application of the narrower '' coming to rest '' doctrine, '' No case has been found dealing with the term ' loading ' of an automobile '' (160 A. L. R. 1264). Accordingly, the governing test here is whether the injury arose out of and because of conduct which was part of the '' complete operation '' of loading the truck of Gilbert.

I conclude that the facts here render Wagman an insured within the coverage of the policy. Whether or not Wagman did in fact carry any of the Bond clothes to or into the Gilbert truck, he was at the time the accident occurred actively engaged in a process directly related to the delivery of those clothes to the truck. It is immaterial that he was not an employee of Gilbert (*Pacific Automobile Ins. Co.* v. *Commercial Cas. Ins. Co. of New York,* 108 Utah 500, 512; *Zurich Gen. Accident & Liability Ins. Co.* v. *Eagle Ind. Co., supra*), or that at the moment of impact he was on his way from the truck and to the store for a purpose connected with the movement of the clothes to and into the truck (*Maryland Cas. Co.* v. *Tighe,* 29 F. Supp. 69, affd. 115 F. 2d 297 [C. A. 9th]). The decisive consideration is that Wagman, at the time he injured Sladek, was then performing a function which was part of the '' complete operation '' of loading the Gilbert truck and it was in connection with the performance of that function that he committed the injury. In such circumstances, I think the law clear in this State that coverage exists under the '' loading and unloading '' clause.

I think it appropriate to note that what is here involved is not a standard of general, negligence liability. It is a contract which is under review. The contract was written after the development of that body of law in New York and elsewhere (see 160 A. L. R. 1259 *et seq., supra*) which construed the '' loading and unloading '' clause as I have indicated. (Cf. *People ex rel. Rice* v. *Graves,* 242 App. Div. 128, 133.) If it was the intention of the insurer, in the light of such decisions, to confine its liability to a more circumscribed aspect of the loading process, language appropriate to such an end could have been employed. The failure to adopt such delimiting language is indicative of the knowledge, if not the intention, of the insurer that it was covering in its policy to Gilbert the '' complete

operation '' incidental to loading and unloading. Such coverage extends to the case at bar. Judgment for the plaintiff accordingly. This constitutes the decision of the court under section 440 of the Civil Practice Act. Settle judgment.