■ MASSI'S GREENHOUSES, INC., et al., Respondents, v FARM FAMILY MUTUAL INSURANCE COMPANY, Appellant. [649 NYS2d 307] —Amended order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action seeking to recover the costs of the removal, clean-up and lost business opportunities associated with the bacterial contamination of geraniums in their greenhouses. Destruction of the plants and clean-up of the greenhouses followed a quarantine order of the New York State Department of Agriculture and Markets.

Supreme Court properly denied defendant insurer's motion for summary judgment dismissing the complaint on the theory that the claimed losses were consequential rather than direct and thus were not covered under the policy. "Direct loss is equivalent to proximate cause" (*Granchelli v Travelers Ins. Co.*, 167 AD2d 839), and the question of proximate cause is ordinarily one for the trier of fact (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *United Mut. Fire Ins. Co. v Jamestown Mut. Ins. Co.*, 242 App Div 420, 422, *affd* 267 NY 576; 18 Couch, Insurance 2d § 74:700, at 1010 [rev ed]). In addition, the trier of fact could find that all or part of the losses were not caused by the quarantine order, but instead by the bacterial contamination, such that the "civil authority" exclusion of the policy does not apply (*see, Hampton Foods v Aetna Cas. & Sur. Co.*, 787 F2d 349, 352-353; *Henri's Food Prods. Co. v Home Ins. Co.*, 474 F Supp 889, 892). (Appeal

from Amended Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.