Fremont-Smith, Thayer, J.
The plaintiff, Officer Charles Leone (“Leone”), was injured when he responded to a motor vehicle accident involving an automobile operated by defendant Jacob Schwartz. Leone alleges that the accident and his resultant injuries were caused by the negligent or reckless conduct of Schwartz.[3] In addition to his negligence claim against Schwartz, Leone asserts claims for declaratory relief against Arbella Mutual Insurance Company, Inc. (“Arbella”) and Great Northern Insurance Company (“Great Northern”). Leone’s wife, Sandra, seeks damages for loss of consortium in connection with her husband’s injuries. This matter is before the Court on Great Northern’s motion for judgment on the pleadings, Leone’s motion for partial summary judgment against Arbella, and Arbella’s cross motion for summary judgment.
Great Northern’s Motion for Judgment on the Pleadings
The homeowner’s insurance policy provided by Great Northern to Schwartz excludes “damages arising out of the . . . use ... of any motorized land vehicle.” Great Northern contends that, taking the allegations of the Second Amended Complaint as true, the policy’s exclusion bars coverage.[4]
The Court agrees. The allegations are that Schwartz negligently drove his motor vehicle off a road and into a lawn, causing the plaintiff to investigate the accident scene and suffer a “slip and fall” injury. The only theory on which Schwartz could be held liable, then, is as a result of his allegedly negligent operation of a motor vehicle, for which the policy excludes coverage. Great Northern’s motion is therefore allowed.
Leone’s Motion for Summary Judgment Against Arbella and Arbella’s Cross Motion
The automobile policy provided by Arbella to Schwartz, however, does cover injuries arising out of his operation of a motor vehicle.[5] The question is, did Leone’s injuries here so arise?
The fact that Schwartz’s operation of a motor vehicle provides the only possible basis for his liability, so that Great Northern’s motion must be allowed, does not necessarily mean that Arbella’s motor vehicle policy provides coverage. It is true that, but for Schwartz’s vehicle having gone off the road and onto a lawn, Leone would not even have been there. But this does not necessarily mean that Leone’s injury arose out of Schwartz’s operation of a vehicle. The vehicle was stationary when Leone arrived at the scene, and he has admitted that the yard in which he fell was covered by debris, snow, and ice. Even if the undisputed facts were to indicate that Schwartz was negligent in his operation of his vehicle, it is a disputed question of fact whether Leone’s injuries arose out of Schwartz’s use of his motor vehicle.
Under Massachusetts Law, an injury arises “out of ’’the ownership, maintenance, or use of a motor vehicle," for purposes of determining insurance coverage, when there is “a causal connection between a motor vehicle’s use and [the] injury.” Roe v. Lawn, 418 Mass. 66, 69 (1994). The phrase “arising out of connotes a ’’wider range of causation than the concept of proximate causation in tort law[,] but does not refer to all circumstances in which the injury would not have occurred ‘but for’ the involvement of a motor vehicle." Ruggerio Ambulance Serv., Inc. v. National Grange Mut. Ins. Co., 430 Mass. 794, 797 (2000), quoting Rischitelli v. Safety Ins. Co., 423 Mass. 703, 704 (1996). Whether the relationship between the plaintiffs injuries and the accident is sufficiently close to mandate coverage under the insurance policy requires “a judgment call ... as to where along a continuum of causation fall the facts of [the] case.” Id., quoting Carrigan v. State Farm Mut. Auto Ins., 140 Or.App. 359, 366 (1996).
The parties dispute the extent to which Leone’s injuries are related to Schwartz’s operation of his automobile. The record is not clear, for example, as to whether Leone’s fall was due, at least in part, to the pieces of broken fence and other debris at the accident scene which resulted from Schwartz’s use of his auto *186 mobile, or was simply the consequence of walking on the slippery winter ground or tripping on debris which was already there. Compare Mullen v. Hartford Acc. & Indem. Co., 287 Mass. 262, 263-64 (1934) (pedestrian’s slip and fall on oil negligently leaked from insured’s parked vehicle arose from use of vehicle), with Rosebrooks v. National Gen. Ins. Co., 13 Mass.App.Ct. 1049, 1050 (1982) (insured’s slip and fall on ice en route to vehicle did not arise from use of vehicle), Caron v. American Motorists Ins. Co., 277 Mass. 156, 157-58 (1931) (pedestrian’s slip on ice that fell from ice delivery truck did not arise from use of truck), and Perry v. Chipouras, 319 Mass. 473, 475 (1946) (distinguishing Mullen on ground that rope negligently dropped during unloading of insured’s truck, on which plaintiff tripped, “was nothing peculiar to, or intrinsically related to, the truck itself’).
On this record, the Court cannot decide, as a matter of law, whether Leone’s injuries arose from Schwartz’s use of a motor vehicle when there are disputed issues of fact concerning the cause and circumstances of Leone’s fall.
Leone’s and Arbella’s motions are therefore denied, except that Arbella’s request for an extension of time for completion of discovery is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Great Northern’s motion for judgment on the pleadings is ALLOWED, and judgment shall enter dismissing Count IV of Leone’s Second Amended Complaint. Leone’s motion for partial summary judgment and Arbella’s motion for summary judgment are both DENIED, except that the period for completion of discovery is extended to December 15, 2009, following which any party may renew its Rule 56 motion.

The parties dispute the cause of Leone’s injuries, and the evidentiary record appears to be largely undeveloped (see Attorney Craig R. Browne Aff.). It is undisputed, however, that on February 20, 2007, Officer Leone responded to an accident involving an Audi automobile operated by defendant Jacob Schwartz, and discovered that Schwartz’s Audi had crashed through a fence and some small trees and was sitting on the front lawn of a residence located on Spiers Road.
Leone alleges that, as he approached the Audi on foot, he lost his balance and fell “because the area where the vehicle was located was covered with debris from the fence, broken tree limbs, and snow and ice.” (Leone Aff. par. 9.) In an attempt to prevent his fall, Leone reached out and grabbed hold of a tree with his right hand. Leone’s arm twisted backward while his body continued to fall forward, resulting in injuries to his right shoulder. (Pi’s Answer to Interrog. No. 9.)

bOie homeowner’s policy “coverts] damages a covered person is legally obligated to pay for personal injuiy or property damage which take place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies." “Occurrence" is defined under the policy as “an accident or offense to which this insurance applies and which begins within the policy period.” The policy expressly excludes “damages arising out of the ownership, maintenance, use, loading, unloading or towing of any motorized land vehicle" (emphasis added).

Under “Bodily Injuiy To Others,” the automobile policy covers “damages to people injured or killed by your auto in Massachusetts accidents.” Under a provision entitled “Optional Bodily Injuiy to Others,” the policy covers “damages to people injured or killed in accidents if you or a household member is legally responsible for the accident.” “Accident” is defined under the policy as “an unexpected, unintended event that causes bodily injuiy or property damages arising out of the ownership, maintenance or use of an auto” (emphasis added).