**MOORE–McCORMACK LINES, INC.,**
**Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY,**
**Defendant.**

United States District Court
S. D. New York.

July 13, 1959.

George S. Pickwick, New York City, for plaintiff.

William F. McNulty, New York City, for defendant.

EDELSTEIN, District Judge.

### Findings of Fact

1. The plaintiff is a Delaware corporation authorized to conduct business in the State of New York, and maintains an office for the transaction of business in the City, County and State of New York.

2. The defendant is a Maryland insurance corporation authorized to conduct the business of casualty insurance in the State of New York, and maintains an office for that purpose in the City, County and State of New York.

3. On February 13, 1958, the date on which this action was removed from the Supreme Court of the State of New York, County of New York, the matters in controversy herein exceeded, and still exceed, the sum of $3,000, exclusive of interest and costs.

4. On and prior to January 18, 1955, one Kramer Construction and Contracting Co., Inc., of No. 524 South 12th Street, Newark, New Jersey, was the named insured under a certain policy of automobile liability insurance bearing No. 27–138427, a true or authentic copy of which is marked in evidence herein as Plaintiff's Exhibit 1.

5. This policy of automobile insurance was in full force and effect on January 18, 1955.

6. This policy of automobile liability insurance defines the term "insured", as used therein, as follows:

"The unqualified word 'insured' includes the named insured and also includes, under divisions 1 and 2 of the Definition of Hazards, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and under division 3 of the Definition of Hazards, any executive officer of the named insured."

7. This policy of automobile liability insurance contains the following under Item 5(c) of the Declarations:

"Use of the automobile for the purposes stated includes the loading and unloading thereof."

8. On January 18, 1955, one Frank Leva, an employee of Kramer Construction and Contracting Co., Inc., was injured while loading bags of napthalene onto an automobile truck owned and controlled by said Kramer Construction and Contracting Co., Inc., and included within the coverage of the policy of automobile liability insurance heretofore described, at Pier No. 15, in the Borough of Brooklyn, City and State of New York.

9. The bags of napthalene had previously been unloaded by the plaintiff from one of its ships which was berthed at Pier No. 15.

10. Frank Leva thereafter commenced an action in this Court against the plaintiff herein to recover damages for his injuries.

11. The complaint in the action brought by Frank Leva against the plaintiff herein, which is annexed to and incorporated into the complaint in this action and which is marked into evidence as Plaintiff's Exhibit 2, alleges that the injuries received by Frank Leva on January 18, 1955, were caused solely by the negligence of the plaintiff herein in its handling of the bags of napthalene loaded by Leva at the time he was injured)

during the course of their sea transit by the plaintiff and the negligence of the plaintiff in misrepresenting to Leva that the bags of napthalene were in good and proper condition to be handled by him.

12. The complaint in the Leva action further specifically alleges in the paragraph thereof numbered "Tenth":

"Tenth: That the aforesaid accident and the injuries resulting therefrom to the plaintiff, were due wholly and solely by reason of the carelessness and negligence of the defendant, its agents, servants and/or employees in permitting bags of napthalene to remain on deck while being transported thereby subjecting same to exposure from salt water, sun, the other natural elements and the napthalene itself; in permitting said bags to remain in an unsafe, dangerous and exposed manner for a long period of time; further that defendant created and allowed said unsafe and dangerous condition to exist; further that defendant carelessly and negligently failed to remove said bags to a dry, safe and proper place and in failing to exercise reasonable care, diligence and prudence in the premises, and in failing to have said bags properly packed."

13. The complaint in the Leva action further specifically alleges in the paragraph thereof numbered "Twelfth":

"Twelfth: That the said careless, unsafe, dangerous and negligent condition existed for some time prior to the aforesaid accident and that the defendant, its agents, servants and/or employees had knowledge of the same."

14. There is no claim in the complaint in the Leva action that any negligence in the loading of the bags of napthalene referred to therein onto the automobile truck owned and controlled by Kramer Construction and Contracting Co., Inc., at Pier No. 15, in the Borough of Brooklyn, City and State of New York, on January 18, 1955, caused or contributed in any manner to the injuries sustained by Leva at that place and on that date, and there is no proof herein to support such a finding.

15. There was no negligence in the loading of the bags of napthalene onto the automobile truck owned and controlled by Kramer Construction and Contracting Co., Inc., that in any way caused or contributed to the injuries sustained by Leva.

16. The plaintiff herein settled the action commenced against it by Frank Leva for the sum of $23,000.

17. There is no issue in the present action as to the fairness or reasonableness of the settlement or the amount thereof or of the fact that the defendant herein had notice of the settlement.

18. Under the stipulation of the parties herein the sole issue remaining in this action is one of coverage: whether or not the plaintiff herein has insurance coverage for the accident resulting in the injuries sustained by Leva under the policy of automobile liability insurance bearing No. 27–138427 issued by the defendant herein to Kramer Construction and Contracting Co., Inc.

19. On the date of the accident resulting in the injuries sustained by Leva the plaintiff herein carried liability insurance with an insurance carrier other than the defendant herein under which it was insured against the liability imposed upon it because of the accident in the sum of $250,000.

20. The limit of the coverage of the policy of automobile liability insurance issued by the defendant herein to Kramer Construction and Contracting Co., Inc., for an accident resulting in bodily injury to one person is the sum of $100,000.

21. The respective coverages of these policies of insurance bear a mathematical proportion to each other of ⅝ths to ⅔ths, so that if the defendant herein is found to be liable in this action, the plaintiff herein would be entitled to recover from the defendant $6,571.42 of the sum of $23,000 which the plaintiff and/or its

insurance carrier paid in settlement of the Leva action.

## Discussion

■■ The case turns on the narrow legal issue of whether an insurance carrier can be charged with liability under a "loading and unloading" clause of a policy of automobile liability insurance where there is no negligence of any kind claimed in connection with the loading or unloading operation. It is conceded that the law of New York controls the issue, but the New York Court of Appeals has not yet passed upon it. The function of this court is to ascertain the state law, and in the absence of a decision in point by the highest court of the state, it is bound by a decision of a state's intermediate appellate court, unless there is persuasive evidence that the highest state court would rule otherwise. Six Companies of California v. Highway District, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; West v. American T. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. The case of Employers Mutual Liability Insurance Company of Wisconsin v. Aetna Casualty & Surety Company, 7 A.D.2d 853, 181 N.Y.S.2d 813, decided by the Appellate Division of the New York Supreme Court, Second Judicial Department, appears to be in point. There it was held that no liability could attach under the clause here in issue in the absence of a showing that the accident resulted from the negligence of defendant's insured in the loading or unloading process. I do not find, nor has there been suggested any persuasive evidence that the Court of Appeals would rule otherwise. Indeed, a motion for leave to appeal from this decision was denied by the Court of Appeals (6 N.Y.2d 705, 187 N.Y.S.2d 1025, 159 N.E.2d 355).

## Conclusions of Law

1. This Court has jurisdiction over the parties and over the subject matter of this action.

2. The accident resulting in the injuries sustained by Frank Leva on Pier No. 15, in the Borough of Brooklyn, City and State of New York, on January 18, 1955, was not covered by the policy of automobile liability insurance No. 27–138427 issued by the defendant herein to Kramer Construction and Contracting Co., Inc.

3. The plaintiff herein is not an insured under that policy of automobile liability insurance and is not entitled to assert any rights or to claim any benefits thereunder.

4. The defendant herein is entitled to judgment dismissing the complaint of the plaintiff herein, together with the costs and disbursements of this action.