Isadore Bookstein, J.
In this action for a declaratory judgment declaring that defendant Continental Casualty Company, hereinafter called ‘1 Continental ’ ’, is obligated to take over the defense of the lawsuit by defendant Mitchell, against plaintiff Eastern Chemicals, Inc., hereinafter called ‘ ‘ Eastern ’ ’, and to pay any judgment resulting thereon, or a prorata share thereof, and that plaintiff Eastern is entitled to protection and coverage under a policy of liability insurance issued by defendant Continental to defendant, P. S. Dubrey Trucldng Co. Inc., hereinafter called 1 ‘ Dubrey 5 ’, plaintiffs move for summary judgment. Defendants cross-move for summary judgment dismissing the complaint,
*1025 Defendant, Mitchell, was an employee of defendant Dubrey. Defendant Continental issued a policy of liability insurance to defendant Dubrey, which is a trucking concern. Dubrey was engaged by plaintiff Eastern to haul its product from its plant in Rensselaer, New York, to its plant in Holyoke, Massachusetts. Mitchell was the operator of the truck of defendant Dubrey in such transportation. He arrived there without incident and engaged in unloading the truck. At a time during the process, when there was no activity in the unloading process, one of the containers on the truck exploded and defendant, Mitchell, was injured. He instituted an action against plaintiff Eastern to recover for the damages resulting from the injuries sustained by him.
Plaintiff Eastern and its liability insurer, plaintiff, Indemnity Insurance Company of North America, hereinafter referred to as “ Indemnity ”, instituted this action to compel defendant Continental to defend the action of defendant Mitchell against plaintiff Eastern, and to pay any judgment recovered thereon or at least its prorata share of the respective policies issued by Indemnity to Eastern, and by Continental to Dubrey.
The policy of Continental to Dubrey is the usual one, to indemnify it for damages recovered against Dubrey for negligence in the 1 ‘ use ’ ’ of its vehicle, which contains the usual clause that ‘ ‘ use ’ ’ includes ‘ ‘ loading and unloading ’ ’. It also covers unnamed persons in the “ use ” of the truck with the consent of Dubrey, Continental’s insured.
The gravamen of the complaint of plaintiffs in this action is that, since the accident occurred during the process of loading and unloading, plaintiff, Eastern is an additional unnamed assured, and that, hence, defendant Continental is bound to defend the action of Mitchell against Eastern and bound, at least, to bear prorata with Indemnity the amount of any recovery in the proportion which the coverage of the respective policies bear to the amount of any such recovery.
One of the affirmative defenses pleaded by defendants Dubrey and Continental is a failure to comply with the policy provisions of Continental with reference to timely notice of the accident. The facts presented on this motion, that is, a delay of seven months between the time when Eastern was sued by Mitchell and the time when Eastern gave notice to Continental would alone bar the motion of plaintiffs for summary judgment. That would, at the very least, present a triable issue of fact.
. Assuming that Eastern has coverage under the policy issued by Continental to Dubrey, ‘ ‘ protracted delay must destroy its oí aim unless it comes forward, affirmatively to repel the adverse *1026 inference.” (Macy & Co. v. General Acc., Fire & Life Assur. Corp., 4 Misc 2d 89, 91-92.) On the record before me, that would be a triable issue and could not be disposed of summarily.
We come then to the main question of whether Eastern is covered at all by the policy of Continental to Dubrey.
Since the adoption in this State of the “ complete operation ” doctrine in the matter of “ loading and unloading ” by the Court of Appeals in Wagman v. American Fid. & Cas. Co. (304 N. Y. 490) there can be no doubt that Eastern would be an additional assured of Continental, if the accident in which Mitchell was injured was caused by some negligent act in the “ loading or unloading. ’ ’
In the Wagman case (supra) as well as in those which have followed it to the same conclusion, there was no question about negligence causing the damage during the ‘ ‘ loading or unloading process ’ What the decision in that case did is to hold “ that ‘ loading and unloading ’ embrace, not only the immediate transference of goods to and from the vehicle, but the ‘ complete operation ’ of transporting the goods between the vehicle and the place from or to which they are being delivered ” (p. 494).
In that case, the claim of the injured person was for negligence on the part of one engaged in the ‘ ‘ complete operation ’ ’ of “ loading and unloading.” So, too, was the claim in Greaves v. Public Serv. Mut. Ins. Co. (5 N Y 2d 120); Lowry v. Macy & Co. (119 N. Y. S. 2d 5) and Macy & Co. v. General Acc., Fire & Life Assur. Corp. (4 Misc 2d 89).
In each of these cases, the basic claim was one of negligence in the “ complete operation” of loading or unloading, which constituted a use of the vehicle and the policy extended to coverage of the unnamed person who was engaged in such use with permission.'
Here, however, we are presented with a different problem. Here, the injured person, Mitchell, by his own affidavit, expressly disclaims any negligence in ‘ ‘ loading or unloading ’ ’ either in the former narrow sense or in the now “ complete operation ” sense. If he makes no such claim, there is no coverage for the named assured Dubrey or for any unnamed assured.
Plaintiffs urge that by his complaint in the action by Mitchell against Eastern he does assert a claim of negligence against Eastern in the ‘ ‘ loading or unloading ’ ’ process.
Even standing by itself, and with all the liberality to be given to the construction of a pleading, it would take a very strained construction to so hold in the light of the negligence which he charges against Eastern by way of 11 allowing the shipment of an inherently dangerous product without adequate safeguards.”
*1027 But on a motion for summary judgment, not only the pleadings are to be considered. There must be considered the evidentiary facts presented. In that connection, the affidavit of Mitchell, which is uncontradicted, expressly disavows any claim that the accident occurred while there was any loading or unloading either in the former narrow sense or in the newer “ complete process ” sense. It is true that the truck was still standing and not completely unloaded when the explosion occurred. But at the time there was no act of loading or unloading being performed.
Fundamentally, there must be a claim of negligence in the use of the vehicle in order that there be coverage, either for the named assured or the unnamed assured; and, of course, that includes loading and unloading in the “ complete ” process sense.
Here, the injured person expressly says that his injuries occurred through causes wholly unrelated to “ loading and unloading” in any sense.
On the basis of such a claim by the injured person, there is no coverage for either the named or the unnamed assured.
So, in Employers Mut. Liab. Ins. Co. of Wis. v. Ætna Cas. & Sur. Co. (7 A D 2d 853), the Appellate Division, Second Department, dismissed the complaint and said: “ In our opinion the stipulated facts fail to show that the injuries to a named pedestrian resulted from the negligence of defendant’s insured in the loading or unloading process described therein.” The Court of Appeals, on April 16,1959, denied a motion for leave to appeal in that case (6 N Y 2d 705).
And in Moore-McCormack Lines v. Maryland Cas. Co. (181 F. Supp. 854 [S. D. N. Y.]) the court also held that there was no coverage under the omnibus clause of insured’s policy, since no negligence was shown to have occurred in the loading or unloading of the truck.
In this case, not only is there no showing of negligence in the loading or unloading of the truck, but the very person injured and is seeking recovery says that there was none.
Logic and reason convince me that on the facts shown on this motion, there is no coverage for Eastern. That conclusion is reinforced by the last two decisions cited.
Plaintiffs’ motion for summary judgment denied. Cross motion of defendants for summary judgment dismissing the complaint granted. Submit order.