COSMOPOLITAN MUTUAL INSURANCE COMPANY et al., Appellants, *v.* BALTIMORE & OHIO RAILROAD Co. et al., Respondents.

First Department, May 14, 1963.

*Lester Samuels* of counsel (*Emanuel Morgenbesser,* attorney; *Weisman, Celler, Allan, Spett & Sheinberg* of counsel), for appellants.

*Donald J. Sheehan* of counsel (*Millard N. Bush,* attorney), for respondents.

EAGER, J. The plaintiffs appeal from a declaratory judgment which determined and adjudicated that a liability policy of the plaintiff Cosmopolitan Mutual Insurance Company provided coverage for the defendant Baltimore & Ohio Railroad Co., as an additional insured, for liability for injuries sustained in an accident involving the plaintiff Rosenbaum.

The facts concerning the accident were agreed upon. It appears that Rosenbaum had driven the insured truck, owned by him, to a B. & O. Railroad Co. freight receiving station located in Manhattan on the North River for the purpose of making delivery there of certain cartons of goods. In this connection, Rosenbaum was to take the merchandise from the truck and deliver it to the receiving office at the station pier. Following his arrival at the station, Rosenbaum took a carton from the truck's tail gate and placed it on the adjacent raised platform at the pier. Then he stepped on this platform, picked up the carton and, with it in his arms, stepped down to the pier floor where he was caused to fall due to the fact that the flooring at that point was broken. The accident is alleged to have been occasioned because of the negligence of B. & O. in the maintenance of the said flooring.

The policy of Cosmopolitan, in effect at the time of the accident, was an automobile liability insurance policy issued

by it to the plaintiff Rosenbaum as the named insured, and insured him against liability for "damages because of bodily injury * * * arising out of the ownership, maintenance or use of" his said truck.

The general provisions thereof for insurance against liability for accidents arising "out of the ownership, maintenance or use" of the truck are to be construed to afford coverage for liability for accidents occurring by reason of the use of such vehicle during the loading and unloading of goods therefrom. (See *D'Aquilla Bros. Contr. Co.* v. *Hartford Acc. & Ind. Co.*, 22 Misc 2d 733, 735, mod. 15 A D 2d 509; *Roche* v. *United States Fid. & Guar. Co.*, 247 App. Div. 335, affd. 273 N. Y. 473. Cf. *Aranzullo* v. *Collins Packing Co.*, 18 A D 2d 1068.) Moreover, the further provisions in the policy that "the unqualified word 'Insured' includes the named Insured * * * and also includes any person while using the automobile" with permission of the insured have the effect of broadening the coverage to include as an additional insured any person "using" the vehicle during loading and unloading. (See *Wagman* v. *American Fid. & Cas. Co.*, 304 N. Y. 490, 494; *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137; *D'Aquilla Bros. Constr. Co.* v. *Hartford Acc. & Ind. Co., supra*; *Greaves* v. *Public Serv. Mut. Ins. Co.*, 4 A D 2d 609, affd. 5 N Y 2d 120; *Standard Sur. & Cas. Co. of N. Y.* v. *Maryland Cas. Co.*, 199 Misc. 658, affd. 281 App. Div. 446.)

The question here is whether or not Cosmopolitan's policy, issued upon Rosenbaum's truck, covers the B. & O. as an additional insured against liability for Rosenbaum's injuries occurring from his fall during the unloading of the vehicle.

Liability insurance coverage for use of a vehicle during loading and unloading embraces "not only the immediate transference of the goods to or from the vehicle, but the 'complete operation' of transporting the goods between the vehicle and the place from or to which they are being delivered." (*Wagman* v. *American Fid. & Cas. Co., supra*, p. 494.) Therefore, it is settled that where an accident results from an act inherent in or directly related to the process of the moving of the goods from the vehicle to the place to which they are to be delivered, then there is coverage. (See *Wagman* v. *American Fid. & Cas. Co., supra*; *Lamberti* v. *Anaco Equip. Corp.*, 16 A D 2d 121; *Travelers Ins. Co.* v. *Saunders & Sons*, 18 A D 2d 126.) These decisions do not, however, go so far as to hold that coverage is extended to all accidents occurring during the period of unloading, irrespective of cause.

The issue presented in the *Lamberti* case (*supra*) was whether or not the unloading process had been completed, namely, whether or not the " complete operation " in the delivery of the cement from the insured's truck had been accomplished at the time of the accident. On the facts there, the unloading was still in process at the time of the accident and the accident having resulted from an act related to the unloading, this court held that there was coverage. Here, however, the injury occurred from a condition wholly unrelated to the unloading process as such.

Certainly, the vehicle insurance coverage here was not written to embrace all accidents occurring during the period of loading or unloading, regardless of causation. So, it is held in many decisions that this type of coverage does not apply where there is no causal relationship between the accident and the movement of the goods to or from the vehicle. (See 7 Appleman, Insurance, § 4322; *Employers Mut. Liab. Ins. Co.* v. *Ætna Cas. & Sur. Co.,* 7 A D 2d 853, motion for leave to appeal denied 6 N Y 2d 705; *Eastern Chem.* v. *Continental Cas. Co.,* 23 Misc 2d 1024; *B & D Motor Lines* v. *Citizens Cas. Co. of N. Y.,* 181 Misc. 985, 987, affd. 267 App. Div. 955; *Moore-McCormack Lines* v. *Maryland Cas. Co.,* 181 F. Supp. 854; *Bituminous Cas. Corp.* v. *Travelers Ins. Co.,* 122 F. Supp. 197; *General Acc. Fire & Life Assur. Corp.* v. *Brown,* 35 Ill. App. 2d 43; also *Raffel* v. *Travelers Ind. Co.,* 141 Conn. 389; *Pacific Auto. Ins. Co.* v. *Commercial Cas. Ins. Co.,* 108 Utah 500; *Maryland Cas. Co.* v. *New Jersey Mfrs. Cas. Ins. Co.,* 48 N. J. Super. 314.)

In *Employers Mut. Liab. Ins. Co.* v. *Ætna Cas. & Sur. Co.* (*supra*) the court specifically held that there was no coverage where there was no showing that the injuries " resulted from the negligence of defendant's insured in the loading or unloading process described therein." This decision was expressly followed in *Moore-McCormack Lines* v. *Maryland Cas. Co.* (*supra*) where an employee of a truck owner was injured while loading bags of naphthalene on a truck from a shipping pier, and it was alleged that the accident was caused solely by reason of the negligence of a steamship line in causing the bags to become unsafe and dangerous; and the court there held (p. 857) that the accident was not covered by the vehicle insurance carrier in that it was not claimed that the accident had resulted from negligence of its insured in the " loading or unloading process ". The *Employers Mut. Liab. Ins. Co.* case was also followed in *Eastern Chem.* v. *Continental Cas. Co.* (*supra,* p. 1027) where the accident resulted from the explosion, during unloading, of a container located on a truck, but not resulting

from any activity in the unloading process; and it was held that there was no coverage in that the claim admittedly was for "injuries occurred through causes wholly unrelated to 'loading and unloading' in any sense."

True, it was agreed here that the "accident to Rosenbaum happened in the process of taking off the carton." But, in view of the conceded facts, this is merely equivalent to a stipulation that the accident occurred during the period of unloading. Here, according to the stipulated facts, the cause of the accident was the defective flooring of the receiving platform or pier, and, thus, as a matter of fact, the accident did not result from any act or omission incidental to the carrying out of the unloading process. The accident was one that could have happened to anyone walking upon the platform or pier whether or not he was engaged in unloading goods from a standby vehicle. The situation would be somewhat similar if, in the unloading of goods, the truck owner or his employee was caused to fall solely because of a defect in a public sidewalk. In these and similar cases, where the cause of the accident does not arise from an act or omission related to the "complete operation" in the movement of the goods to or from the truck, there is no coverage.

The judgment appealed from should be reversed and vacated, on the law and the facts, with costs to appellants, and declaratory judgment rendered in favor of plaintiffs declaring and adjudging that the automobile liability policy issued by the plaintiff Cosmopolitan Mutual Insurance Company to the plaintiff Rosenbaum does not cover the defendant Baltimore & Ohio Railroad Co. as an additional insured for the alleged accident to Rosenbaum. Judgment to be settled on notice.

McNally, J. P., Stevens, Steuer and Bergan, JJ., concur.

Judgment unanimously reversed and vacated, on the law and on the facts, with costs to appellants, and declaratory judgment rendered in favor of plaintiffs declaring and adjudging that the automobile liability policy issued by the plaintiff Cosmopolitan Mutual Insurance Company to the plaintiff Rosenbaum does not cover the defendant Baltimore & Ohio Railroad Co. as an additional insured for the alleged accident to Rosenbaum.