Edward J. Greenfield, J.
In this action, the plaintiff insurance company, Employers Mutual Liability Insurance Co. of Wisconsin, seeks indemnification from the defendant insurance company, St. Paul Mercury Indemnity Co., for a sum it paid out in settlement of a lawsuit which it contends was primarily the responsibility of the defendant.
The action is submitted as a stipulated set of facts. The operative facts are these:
On May 11,1955 A. E. Ottaviano Inc., plaintiff’s insured, was doing heavy construction work at the 63.3-mile mark on the New York State Thruway. During the course of that work one of its employees, using a crane, was loading sheet piling onto a tractor-trailer owned by Peter Petrizzo, defendant’s insured, and operated by one of his employees. The crane and the tractor-trailer were to be driven across the Thruway, from the western to the eastern side, so that the loading could be completed. Accordingly, A. E. Ottaviano Inc., plaintiff’s insured, stationed one of its employees 500 feet north of the crossing site to act as a flagman, and stop incoming traffic on the Thruway.
An automobile carrying Jerome and Henrietta Wiener, proceeding south on the Thruway, according to the stipulation, ‘ ‘ pulled around traffic that had been stopped by the glagman [sic] employed by A. E. Ottaviano and went on to the shoulder of New York State Thruway and down an embankment, causing injuries to the said Henrietta Wiener and Jerome Wiener ”.
The Wieners commenced an action in the Supreme Court, Bangs County against both plaintiff’s and defendant’s insureds, for their injuries. That action was settled for the sum of $7,500 which was paid by plaintiff. Plaintiff now demands indemnification from defendant on the ground that any liability to the Wieners was covered by the defendant’s automobile liability insurance policy issued to the truck owner, Peter Petrizzo.
That policy defined the insured to include the named insured (Peter Petrizzo), members of his household, and any person or *766 organization using or legally responsible for the use of the vehicle with the permission of the insured. The policy also included the standard provision: “ (c) Use of the automobile for purposes stated includes the loading and unloading thereof. ’ ’
It is plaintiff’s contention that any liability incurred by A. E. Ottaviano Inc. resulted from acts performed and incident to the loading and unloading of Petrizzo’s tractor-trailer, and thus are covered by the Petrizzo policy even though there may have been some act or omission giving rise to liability by a person on the Ottaviano payroll.
Plaintiff places its principal reliance on the case of Wagman v. American Fid. d Cos. Go. (304 N. T. 490). In that case, under a policy identical with the one in suit issued to a truck owner, the employee of a store to which delivery was being made, and who was checking on the delivery, bumped into a pedestrian on the sidewalk, causing her injuries. The employee sought, by way of declaratory judgment, a defense against the pedestrian’s complaint by the truck owner’s insurance company. The Court of Appeals held that the store employee, whose activities were connected with the loading and unloading of the truck, came within the definition of the term ‘ ‘ insured ’ ’ and was covered by the truck owner’s policy. Plaintiff argues that upon the authority of this case, and of Continental Cas. Co. v. Duffy (26 A D 2d 630) B. & D. Motor Lines. v. Citizens Casualty Co. of N. Y. (181 Misc. 985, affd. 267 App. Div. 955), and Lamberti v. Anaco Equip. Corp. (16 A D 2d 121), any Ottaviano employee involved in the accident was a participant in the entire process of loading the Petrizzo truck, and covered by the defendant.
Plaintiff is correct in asserting that the 11 complete operations ” doctrine as enunciated in the Wagman case would place the accident in this ease within that period of time when the loading and unloading process was still taking place, and even though the flagman may have been physically stationed 500 feet away from the insured vehicle, he was involved in the process and could be considered within the term ‘1 insured ’ ’. However, plaintiff must do more than prove that the accident took place within the time period covered by loading and unloading. It must show the existence of some causal connection between the loading and unloading process and the happening of the accident. (Cosmopolitan Mut. Ins. Co. v. Baltimore & Ohio R. R. Co., 18 A D 2d 460.)
In the Cosmopolitan case (p. 464) the court found that while the accident occurred during the period of unloading, “ the accident did not result from any act or omission incidental to the carrying out of the unloading process ”. Essentially the *767 same finding was reached in Employers Mut. Liab. Ins. Co. v. Ætna Cas. & Sur. Co. (7 A D 2d 853, mot. for lv. to app. den. 6 N Y 2d 705) in Moore-McCormack Lines v. Maryland Cas. Co. (181 F. Supp. 854) and in Eastern Chems. Co. v. Continental Cas. Co. (23 Misc 2d 1024).
In each of the above cases the court was able to determine that while the accident occurred during loading or unloading, it was not caused by the loading or unloading. “ In these and similar cases, where the cause of the accident does not arise from an act or omission related to the ‘ complete operation ’ in the movement of goods to or from the truck, there is no coverage.” (Cosmopolitan Mut. Ins. Co. v. Baltimore & Ohio R. R. Co., supra, p. 464.) In this case, however, the stipulation submitted by the parties is wholly silent as to the cause of the accident, or the nature of any negligent acts or omissions by the employee of plaintiff’s insured. All we are informed is that the Wiener car “ pulled around traffic that had been stopped ” by the flagman, and went down an embankment causing the injuries. In the absence of further information, there is no basis for concluding either that the flagman did something improper as part of the operation of getting the tractor-trailer across the Thruway, or that he did something to cause the accident wholly extraneous to the loading operation.
The situation is clouded somewhat by a further proviso in the stipulation that the defendant ‘ ‘ shall not have as a defense that the insured of Employers Mutual Liability Ins. Co. of Wisconsin, A. E. Ottaviano Inc., was not responsible for the injuries that occurred to Henrietta Wiener and Jerome Wiener. ’ ’ While this deprives the defendant herein of the right to contend that plaintiff’s insured was not liable, it does not resolve the question of whether that liability arose out of an inherent part of the complete operation of unloading, or out of some independent or extraneous action unrelated to unloading. Liability may have been based on some misdirection by the flagman, some deliberate act by him, or by Ottaviano having created a dangerous condition near the embankment in the course of their construction work at the side of the road.
Under these circumstances, it cannot be said that plaintiff has sustained the burden of proving that its insured should have been primarily covered by the defendant’s automobile policy, and judgment must be in favor of defendant.