450 P.2d 91

Harold ROBINSON and William C. Ward, dba Crystal Palace Market, Plaintiffs and Appellants,

v.

EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, a corporation, Defendant and Respondent.

No. 11308.

Supreme Court of Utah.

Feb. 5, 1969.

Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for appellants.

Shirley P. Jones, Jr., Ralph L. Jerman, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

This suit is at bottom a contest between United Pacific Assurance Company and the Employers' Liability Insurance Corporation, Limited, as to which is ultimately liable to pay for personal injuries suffered by one Robert E. Kodat in a fall from a stairway attached to the loading dock in the rear of the Crystal Palace Market at 238 South 13th East in Salt Lake City, when he went there to deliver a truckload of groceries.

' The policy of United Pacific insures the Market against liability arising in the use of its premises and the conduct of its business, but specifically excludes the loading and unloading of vehicles, if covered by other insurance. The policy of Employers', issued to Associated Foods, Inc., insures against liability arising out of the use of its vehicles and includes a clause extending coverage to the loading and unloading of them.

. The facts are shown by deposition, affidavit and the documentary evidence and are without substantial dispute. On November 26, 1962, at about 7:30 a. m., Mr. Kodat had backed the Associated Foods' truck up to the dock (platform) at the rear of the plaintiffs' store with a load of groceries. Before doing anything about the actual removal of merchandise, he proceeded to climb the stairs at the north end of the dock, but lost his footing and fell between the stairs and the truck.

The allegations of negligence in Mr. Kodat's complaint were: that the Crystal Palace Market was negligent in regard to its stairway in that: it was deficient as to handrails, having only one; was not maintained in proper repair; and that it was littered with sweepings from the Market and its butcher shop. For the resulting injuries, a fractured wrist and back injuries, he sued for $3,000 medical damages, $4,500 for loss of wages, and $150,000 general damages. United Pacific assisted in negotiations which resulted in settlement of the claim for $15,000, the amount or the propriety of which is not here questioned. This suit was then brought against defendant Employers' Liability, contending that under the latter's policy, covering the use of the truck including loading and unloading, it should be adjudged the primary coverage and held responsible for the loss. Upon the basis of the facts above stated the trial court granted defendant Employers' motion for summary judgment, holding United Pacific responsible under its policy.

which covers the use of the premises and conduct of the business. This appeal seeks reversal, and judgment against Employers' as matter of law.

Where the parties do not dispute each other as to the essential facts, and each relies on them insisting on its right to prevail as a matter of law, it was proper for the trial court to determine the issue on summary judgment;[1] and we agree with the ruling placing the responsibility upon United Pacific. In so saying we are mindful of the opinion of this court in Pacific Auto Ins. Co. v. Commercial Casualty Ins. Co.[2] relied upon by the plaintiffs. It is true that in that case this court followed what is sometimes called the "complete operations test" by which "loading and unloading" includes "all the activities necessarily involved in making commercial delivery according to the practice in delivering" whether or not the vehicle itself plays any actual part so that even though items being delivered were temporarily set down, coverage extended until they were finally put to rest at the end of the delivery process.[3]

Reverting to the facts here: it is important to have in mind that the only negligence we are concerned with in this case is that alleged in Mr. Kodat's complaint;

and determination of the issue here presented must necessarily be based thereon. Viewed in that light, the negligence of Crystal Palace Market in failing to maintain its stairway in a reasonably safe condition was the sole and proximate cause of the accident; and its causation was not from anything necessarily related to the process of unloading or the use of the truck. That is, it could have happened to Mr. Kodat, or any other customer, who had climbed the stairway, regardless of how he got there, in a truck or otherwise. The mere fact that it happened during the time that a delivery was being made, does not mean that the causation of the injury should be attributed to the unloading of the truck and responsibility placed thereon, rather than on the defect in the premises. For example: Assume a deliveryman was doing something connected with unloading the truck and delivering the merchandise, and through negligence of the store, a barrel of flour or part of the ceiling had fallen on him, the primary liability and the insurance coverage thereon would properly be imposed upon the negligent store-owner, rather than the "unloading" of the truck.

A case which we regard as well reasoned and which correctly deals with the problem

---

1. This differs from cases where both parties move for summary judgment, but where if denied, there nevertheless may be disputed issues of fact. See Diamond T Utah, Inc. v. Travelers Indemnity Co., 21 Utah 2d 124, 441 P.2d 705, and authorities therein cited.

2. 108 Utah 500, 161 P.2d 423, 160 A.L.R. 1251.

3. Id. at 511, 161 P.2d at 428.

here involved is Cosmopolitan Mutual Ins. Co. v. Baltimore & Ohio RR. Co.[4] There the driver of a delivery truck was injured from falling on defective flooring while carrying a box into a receiving area. The court discussed and placed some emphasis on the question of causation. It pointed out in respect to the "loading and unloading" clause that the "complete operation test" does not go so far as to require a holding that coverage is extended to all accidents occurring during the period of unloading whether causally related to the unloading or not.[5]

We are in agreement with the ruling of the trial court that under the facts here shown, where the cause of the injury was negligence in the maintenance of the market, and where such causative negligence had no connection with the truck itself, the insurance of United Pacific upon the market, and not that of Employers' Liability upon the truck, should be regarded as the primary insurance held responsible for the loss.

Affirmed. Costs to defendants (respondents).

CALLISTER, ELLETT, and TUCKETT, JJ., concur.

HENROID, J., concurs in the result.

4. 18 A.D.2d 460, 240 N.Y.S.2d 88.

5. Id. at 240 N.Y.S.2d 91. See also cases cited therein; and cf. a similar case, Clark v. Travelers Indem. Co., C.A.7, 313 F.2d 160.