109 N.J. Super. 41 (1970)
262 A.2d 223
LEO CENNO, PLAINTIFF,
v.
WEST VIRGINIA PAPER & PULP CO., ET AL., DEFENDANTS, AND WEST VIRGINIA PAPER & PULP CO., AND ACME STEEL COMPANY, THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
AMERICAN POLICYHOLDERS INSURANCE COMPANY, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, THIRD-PARTY DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1970.
Decided February 20, 1970.
*42 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Arthur J. Callaghan argued the cause for appellant American Mutual Liability Insurance Company (Messrs. Brause, Callaghan & Coyle, attorneys).
Mr. Herbert Ziff argued the cause for respondent Acme Steel Company (Messrs. Ziff & Yacavino, attorneys).
Mr. Maurice B. McLaughlin argued the cause for respondent West Virginia Paper & Pulp Co. (Messrs. Galvin, French & McLaughlin, attorneys).
*43 The opinion of the court was delivered by SULLIVAN, P.J.A.D.
This appeal is from a judgment of the trial court holding that plaintiff's accident, for which defendant West Virginia Paper and Pulp Company was ultimately held liable, came within the loading and unloading provisions of a comprehensive automobile liability policy issued by appellant American Mutual Liability Insurance Company. For reasons hereinafter detailed we reverse.
Plaintiff Leo Cenno was employed as a truck driver by Ahrens Motor Trucking. Ahrens was insured in its trucking operation by American Mutual under the aforesaid policy, which contained the following provisions relevant to the legal issue herein involved.
I. COVERAGE A  Bodily Injury Liability to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * caused by accident and arising out of the ownership, maintenance or use of any automobiles.

* * * * * * * *

III. DEFINITION OF INSURED
The unqualified word "insured" includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, * * *.

IV. PURPOSES OF USE DEFINED

* * * * * * * *
(c) Use of an automobile includes the loading and unloading thereof.
On the day in question plaintiff, driving an Ahrens' truck, picked up a truckload of 500-750-pound bales of cardboard boxes at the West Virginia Paper and Pulp Company plant in Hoboken, New Jersey. He was to deliver the load to Allied Paper in Brooklyn, New York. The cardboard had been baled by West Virginia at its Hoboken plant using metal bands and clips manufactured by defendant Acme Steel Company.
*44 Plaintiff arrived at the Allied Paper plant in Brooklyn and, in connection with the unloading, attempted to move one of the bales to the rear of the truck. An Allied Paper employee was standing by with a fork lift to take the bale. While plaintiff was pulling on a band securing the bale, the band came apart causing plaintiff to lose his balance and fall out of the truck to the ground.
Plaintiff brought suit against Acme Steel charging that the bands and clips used on the bale had been defectively manufactured. He also sued West Virginia charging that the bale had been negligently and improperly banded. Acme Steel and West Virginia called upon American Mutual to defend them as additional insureds under the comprehensive liability policy covering the truck. American Mutual refused to do so and third-party complaints were filed by Acme and West Virginia against American Mutual charging that the accident happened during the unloading, came under the loading and unloading clause of the truck liability policy, and that they were additional insureds covered by said policy. The third-party suits were severed and plaintiff's accident suit tried separately.
The issue of liability in the accident suit was submitted to a jury, which returned a verdict in favor of plaintiff and against West Virginia for $12,000. The jury found no cause for action on plaintiff's claim against Acme Steel.
Thereafter, the trial judge ruled that the accident happened during the unloading of the truck and that Acme and West Virginia were additional insureds under American Mutual's liability policy. He therefore entered a judgment on the third-party complaints in favor of West Virginia and against American Mutual for $12,000, plus costs of $1,585 representing its expenses in defending plaintiff's suit. He entered a judgment in favor of Acme against American Mutual for $1,635 representing its costs incurred in defending plaintiff's suit. The appeal by American Mutual involves only the rulings in the third-party suits.
*45 We conclude that the decision of the trial court, holding that Acme Steel and West Virginia were additional insureds under the comprehensive automobile liability policy for the negligent acts charged to them, was erroneous. Plaintiff's suit against Acme Steel was bottomed on the contention that the steel bands and clips used on the bale had been defectively manufactured. (The Acme Steel plant is located at Rockford, Illinois.) Plaintiff's complaint against West Virginia charged that it had negligently banded the bale. (The baling was done by West Virginia at its Hoboken, New Jersey, plant.) The jury, by its verdict, found that the accident had been caused by West Virginia in negligently banding the cardboard. However, the acts charged to defendants antedated delivery of the goods to Ahrens Motor Trucking, were unrelated to the loading or unloading of the truck, and were not covered by the comprehensive liability policy. The policy does not embrace all accidents happening during the loading or unloading of the truck regardless of causation. Cosmopolitan Mut. Ins. Co. v. Baltimore & Ohio R. Co., 18 A.D.2d 460, 240 N.Y.S.2d, 88, 91 (App. Div. 1963). See Atlantic Mut. Ins. Co. v. Richards, 100 N.J. Super. 180 (Ch. Div. 1968), aff'd 105 N.J. Super. 48 (App. Div. 1969). The policy affords coverage as an additional insured to one while using the vehicle and specifies that "(c) use of an automobile includes the loading and unloading thereof." Therefore, the pertinent inquiry is whether the acts of negligence charged to defendants were a part of the overall loading or unloading operation so that, in the commission of the negligent acts charged, defendants can be said to have been using the vehicle and thereby became additional insureds under the policy. In other words, did the negligent act which caused the injury or is alleged to have caused it constitute a part of the loading or unloading process? The answer is clearly in the negative. Cases so holding are Moore-McCormack Lines, Inc. v. Maryland Casualty Co., 181 F. Supp. 854 (S.D.N.Y. 1959); Eastern Chemicals Inc. v. Continental *46 Casualty Co., 23 Misc.2d 1024, 199 N.Y.S.2d 48 (Sup. Ct. 1960); Bouleris v. Cherry-Burrell Corp., 45 Misc.2d 318, 256 N.Y.S.2d 537 (Sup. Ct. 1964). See also 7 Appleman, Insurance Law and Practice, § 4322, at 155; Annotation, "Risks within `loading and unloading' clause of motor vehicle liability insurance policy," 95 A.L.R.2d 1122, 1151-1152 (1964).
In Moore-McCormack, supra, a workman loading bags of naphthalene on a truck was injured while handling one of the bags. He sued the consignor, charging that the bags had been negligently exposed to salt water, sun and other natural elements, and as a result they could not be safely handled. The consignor settled the suit for $23,000 and then sued the liability insurance carrier on the truck, claiming the accident came under the loading and unloading clause of the policy. It was held that the negligence was unrelated to the loading and unloading operation and that plaintiff was not an insured under the liability policy.
In Eastern Chemicals, supra, a driver engaged in unloading a truck was injured when a container on the truck exploded. It was held that the charge of negligence asserted against Eastern Chemicals, the owner of the container, "allowing the shipment of an inherently dangerous product without adequate safeguards," was unrelated to the unloading operation, and that Eastern Chemicals could not claim coverage as an additional insured under the truck liability policy. Bouleris, supra, held that negligently crating a piece of machinery is not a "loading or unloading" operation per se within a motor vehicle liability policy, although it may not result in an accident until loading is attempted.
In interpreting the "loading and unloading" provision of automobile liability policies, New Jersey has followed the modern "complete operation" doctrine which covers the entire process involved in the movement of the goods, from the moment they are given into the insured's possession until they are turned over at the place of destination to the party to whom delivery is to be made, so that any occurrence *47 during and arising out of the process of unloading is covered. For all practical purposes, any distinction between "unloading" and "delivery" and between "loading" and "preparatory actions" is not considered. 12 Couch on Insurance 2d, § 45:128, at 197-198 (1964). In applying this doctrine the proper approach is to ascertain whether the acts alleged to have caused the accident were, within reason, causally connected with the complete operation of loading or unloading. Drew Chem. Corp. v. Amer. Fore Loyalty Group, 90 N.J. Super. 582, 591 (App Div. 1966). Here the negligent acts charged to Acme Steel and West Virginia antedated delivery of the goods to the insured trucker and cannot reasonably be said to be causally connected with the loading and unloading in any way.
In summary, we conclude that unless the alleged negligent act which is alleged to have caused the accident was an integral part of the overall loading or unloading operation, so that the mishap is causally connected with such loading and unloading and did not merely occur during it, the person charged with the negligent act is not considered to have been using the vehicle so as to be covered by the vehicle's liability policy for such act as an additional assured. Couch, supra, § 45:136, at 204.
Reversed and remanded for entry of judgments in favor of defendant American Mutual on the third-party complaints.