AETNA CASUALTY AND SURETY COMPANY, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 11618.

District of Columbia Court of Appeals.

Argued Oct. 20, 1977.

Decided Dec. 14, 1977.

John F. Mahoney, Jr., Washington, D. C., for appellant.

William R. Scanlin, Washington, D. C., for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

KELLY, Associate Judge:

This appeal results from a determination of three separate actions—*James W. Denmark v. Dorothy Illidge Wilson*, Civil Action No. 3598–75; *State Farm Mutual Automobile Insurance Company v. Dorothy Illidge Wilson and James Denmark*, Civil Action No. 7119–75; and *Dorothy Illidge Wilson v. The Aetna Casualty and Surety Company*, Civil Action No. 7705–75. The first action was a suit for damages for injuries sustained by Denmark who fell in Wilson's home.[1] The other two actions were in the nature of declaratory judgments, instituted as the result of an insurance dispute as to which of the two insurance policies provided coverage for the loss.[2] The three cases were consolidated for trial and during the pendency of the personal injury suit, Aetna and State Farm each filed separate motions for summary judgment, on stipulated facts, claiming that the other was obligated to defend Wilson and pay any judgment up to

---

1. Wilson and Denmark were preparing to go on a fishing trip when Denmark slipped on the stairway leading to the basement of Wilson's home. Denmark was carrying materials which he had picked up from the front lawn following their removal by Wilson from the trunk of her automobile.

2. In order to resolve the coverage issues, both Aetna and State Farm agreed to be parties to the personal injury action. Moreover, Aetna and State Farm were deemed to have filed cross-actions against each other for resolution of the issues framed in the declaratory judgment actions.

the limits of its policy. The trial court considered the two liability insurance policies, a homeowner policy (provided by appellant Aetna) and an automobile policy (provided by appellee State Farm), and determined that Aetna's policy provided coverage for the claim raised by James W. Denmark against Dorothy Illidge Wilson. Accordingly, the trial court granted summary judgment in favor of State Farm. Aetna appeals.[3]

Aetna's first contention is that the accident in question arose out of the unloading of the Wilson automobile and that therefore coverage is afforded under State Farm's policy. We disagree.

■ In resolving insurance disputes concerning "loading and unloading" fact situations, this jurisdiction has adopted the "complete operation" doctrine.[4] *McCloskey and Co. v. Allstate Insurance Cos.*, 123 U.S. App.D.C. 177, 358 F.2d 544 (1966). On analogous facts, however, in states which also adhere to the "complete operation" doctrine, the courts have found it inappropriate to extend coverage under automobile insurance policies which included a "loading and unloading clause." *Long Island Light Co. v. Hartford Accident & Indemnity Co.*, 76 Misc.2d 832, 350 N.Y.S.2d 967 (1973); *Amery Motor Co. v. Corey*, 46 Wis.2d 291, 174 N.W.2d 540 (1970); *Robinson v. Employer's Liability Assurance Corp.*, 22 Utah 2d 163, 450 P.2d 91 (1969); *Atlantic Mutual Insurance Co. v. Richards*, 100 N.J.Super. 180, 241 A.2d 468 (1968), aff'd, 105 N.J.Super.

48, 251 A.2d 134 (1969); *Cosmopolitan Mutual Insurance Co. v. Baltimore & Ohio Railroad Co.*, 18 A.D.2d 460, 240 N.Y.S.2d 88 (1963); *American Casualty Co. v. Fisher*, 195 Ga. 136, 23 S.E.2d 395 (1942).[5]

Analysis of the above cases reveals that the focus of the courts, irrespective of the doctrine which they adopt, has always been on the intention of the parties when they entered into the insurance agreement as expressed in the language of the contract. *See United Services Life Insurance Co. v. Ringsdorf*, D.C.Mun.App., 91 A.2d 717 (1952). *See generally Boggs v. Motors Insurance Corp.*, D.C.Mun.App., 139 A.2d 733 (1958); *Stinson v. New York Life Insurance Co.*, 83 U.S.App.D.C. 115, 167 F.2d 233 (1948).[6] The two pertinent clauses of the insurance policies at issue in this case are Aetna's homeowner policy provision that:

This policy does *not* apply:

1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

a. to bodily injury or property damage *arising out of* the ownership, maintenance, operation, use, loading or *unloading* of:

\* \* \* \* \* \*

(2) *any motor vehicle owned* or operated *by*, or rented or loaned to *any Insured* . . .. [Emphasis added.]

and State Farm's automobile insurance policy provision that:

---

**3.** Following the trial court's decision in favor of State Farm, *Denmark v. Wilson* was settled by a $15,000 payment to which both Aetna and State Farm contributed. All claims except those on appeal herein were dismissed.

**4.** The "complete operation" doctrine holds that an "unloading" clause covers the entire process involved in the movement of goods, from the moment the goods are in the insured's possession until they are given, at the place of destination, to the party to whom delivery is to be made.

**5.** *Contra, Raffel v. Travelers Indemnity Co.*, 141 Conn. 389, 106 A.2d 716 (1954); *Wagman v. American Fidelity & Cas. Co.*, 304 N.Y. 490, 109 N.E.2d 592 (1952); *Maryland Cas. Co. v. Dalton Coal & Material Co.*, 184 F.2d 181 (8th Cir. 1950); *Turtletaub v. Hardware Mut. Cas.*

*Co.*, 62 A.2d 830 (N.J. 1948); *American Employers Ins. Co. v. Brock*, 215 S.W.2d 370 (Tex. Civ.App. 1948); *Bobier v. National Cas. Co.*, 143 Ohio St. 215, 54 N.E.2d 798 (1944); *St. Paul Mercury Indem. Co. v. Standard Acc. Ins. Co.*, 216 Minn. 103, 11 N.W.2d 794 (1943); *Maryland Cas. Co. v. Tighe*, 29 F.Supp. 69 (1939), aff'd, 115 F.2d 297 (1940); *Wheeler v. London Guar. & Accident Co.*, 292 Pa. 156, 140 A. 855 (1928).

**6.** Even in cases which involve insurance contracts that include an unloading clause, the focus of the trial court is on the intention of the parties when they enter into the insurance contract. *See, e.g., Raffel v. Travelers Indem. Co., supra; American Cas. Co. v. Fisher, supra.*

(The Company agrees):

1. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons . . . *caused by accident arising out of the ownership, maintenance or use, including loading or unloading,* of the owned automobile . . .. [Emphasis added.]

■ The trial court was presented with stipulated facts and was asked by the parties to consider which of these two liability policies provided coverage for Wilson's injury. Inasmuch as the alleged faulty maintenance of Wilson's stairway has no functional or necessary relationship to the removal of the goods from the car, *see McCloskey & Co. v. Allstate Insurance Co., supra,* we agree with the trial court's determination that Denmark's injury was not caused by an accident arising out of the use, "including [the] . . . unloading", of Wilson's car.

Aetna contends that the trial court applied a narrow and restrictive interpretation of the unloading clause so as to exclude coverage under State Farm's policy, arguing in effect, that the "loading and unloading" clause is ambiguous and that particular rules of construction necessarily govern. Since no such ambiguity was argued to the trial court and numerous cases cited and argued by both parties in the pleadings contained an unloading clause, this claim is without merit.

■ Aetna also argues that the trial court erred in inserting a "causation" factor in the policies' language in reaching its determination of coverage. We disagree, for the very language of State Farm's insurance policy required the court to focus on the issue of causation. We also find Aetna's subsidiary argument that the trial court considered the proximate cause of the accident as determinative in deciding the coverage, *McCloskey & Co. v. Allstate Insurance Co., supra; Indemnity Insurance Co. v. Old Dominion Hoisting Service,* 102 U.S.App.D.C. 141, 251 F.2d 382 (1958), contrary to the record.

We conclude that the trial court properly applied the relevant provision of State Farm's contract to the facts of this case and found that Aetna's homeowner policy extended coverage to the claim raised by Denmark. Accordingly, the ruling of the trial court is

*Affirmed.*