265 N.J. Super. 119 (1993)
625 A.2d 586
WILLIAM SMITHBOWER, JR., PLAINTIFF,
v.
NAVISTAR INTERNATIONAL TRANSPORTATION CORP., INDUSTRIAL TRUCK BODY, WHITING DOOR COMPANY, MORGAN TRUCK BODY AND JOHN DOE COMPANY, DEFENDANTS, AND UNION GARAGE, DEFENDANT/THIRD-PARTY PLAINTIFF/RESPONDENT,
v.
ATLANTIC EMPLOYERS INSURANCE COMPANY, THIRD-PARTY DEFENDANT/APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1992.
Decided June 7, 1993.
*121 Jeffrey M. Kadish argued the cause for appellant (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Mr. Kadish, of counsel; Victoria A. Manning on the brief and reply letter brief).
Donald M. Garson argued the cause for respondent (Buttafuoco, Karpf & Arce, attorneys; Mr. Garson, of counsel and on the brief).
Before Judges J.H. COLEMAN, SHEBELL[1] and A.M. STEIN.
The opinion of the court was delivered by Arnold M. STEIN, J.A.D.
Third-party defendant Atlantic Employers Insurance Company appeals the summary judgment entered in favor of third-party plaintiff Union Garage requiring Atlantic to defend and indemnify Union Garage against plaintiff's claims. We reverse and remand for entry of judgment in favor of Atlantic.
On August 26, 1988, plaintiff truck driver, employed by Fieldville Farms, was injured when a rear-door cable snapped as he opened the door of his employer's truck. Plaintiff fell to the ground and landed on his buttocks. He eventually required a laminectomy. Union Garage had replaced the cables to the rear overhead door on March 8, 1985, and again on July 15, 1987. Between June 21 and 27, 1988, Union Garage had also serviced the door cables and rollers.
Plaintiff received workers' compensation benefits and then sued the truck and cable manufacturers and Union Garage. Union *122 Garage filed a third-party complaint against Atlantic for defense and indemnification of plaintiff's claims under a business automobile policy that Atlantic had issued to Fieldville Farms. Atlantic filed a motion for summary judgment and Union Garage filed a cross-motion for summary judgment.
The trial judge granted Union Garage's cross-motion, finding that Atlantic had to defend Union Garage under the omnibus clause of Fieldville's insurance policy which provides:
We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
We granted leave to file an interlocutory appeal.
Union Garage claims that it qualifies as an insured under the omnibus clause of the insurance policy because the injury was caused by an accident that resulted from the maintenance of a covered automobile. Union Garage's argument, however, incorrectly assumes that it is an additional insured under Fieldville's policy.
Part IV of Fieldville's insurance policy provides:
D. WHO IS INSURED.
1. You are an insured for any covered auto.
2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
c. Anyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
3. Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own.
In construing the terms of an insurance contract, the court should reasonably interpret the parties' common intent to give effect to the expressed purposes of the contract, and "a broad and liberal view should be taken where the policy provision relates *123 to the inclusion of persons other than the named insured." American Home Assurance Co. v. Hartford Ins. Co., 190 N.J. Super. 477, 484, 464 A.2d 1128 (App.Div. 1983). No interpretation of Fieldville's insurance policy with Atlantic, no matter how broad, affords coverage to Union Garage. Under the terms of Fieldville's insurance policy, Union Garage was an insured while it was using Fieldville's truck with permission, except when Union Garage was repairing and servicing the covered vehicle.
An omnibus clause providing that an insured shall include "any person while using the automobile" with permission requires that the covered vehicle must be used by the insured at the time of the accident. Indemnity Ins. Co. v. Metropolitan Casualty Ins. Co. of N.Y., 33 N.J. 507, 513, 166 A.2d 355 (1960). See also Hartford Accident & Indem. Ins. Co. v. Travelers Ins. Co., 167 N.J. Super. 335, 344, 400 A.2d 862 (Law Div. 1979) (towing company was additional insured under towed vehicle's policy where collision with third party occurred while covered vehicle being towed); Capece v. Allstate Ins. Co., 86 N.J. Super. 462, 472, 207 A.2d 207 (Law Div. 1965) (garage owner was using the automobile when the vehicle was being moved inside the garage for repair). "The use of an automobile denotes its employment for some purpose of the user." Indemnity, supra, 33 N.J. at 513, 166 A.2d 355.
The trial judge improperly concluded that Union Garage was an additional insured under the omnibus clause. Union Garage had repaired the truck in March of 1985 and July of 1987; it had most recently serviced the truck in June of 1988. The truck was returned to Fieldville and was being used by plaintiff when the injury occurred. Because Union Garage was not using the truck when the accident occurred on August 26, 1988, it did not qualify as an additional insured under the policy. Cf. Maryland Casualty Co. v. New Jersey Mfrs. Casualty Ins. Co., 48 N.J. Super. 314, 320-21, 137 A.2d 577 (App.Div.) (additional insureds covered by omnibus clause because the Port Commission and its employee were permissive users when the injury occurred), aff'd, 28 N.J. 17, 145 A.2d 15 (1958); American Home, supra, 190 N.J. Super. at *124 484, 464 A.2d 1128 (garage owner, an additional insured, was covered under omnibus clause for employee's injury which occurred while employee was changing a tire).
In Cenno v. West Virginia Paper & Pulp Co., 109 N.J. Super. 41, 262 A.2d 223 (App.Div.), certif. denied, 56 N.J. 99, 265 A.2d 149 (1970), plaintiff was injured when a metal band on a bale of cardboard broke while the plaintiff was unloading the truck. Id., 109 N.J. Super. at 44, 262 A.2d 223. He sued defendants paper company and steel band manufacturer for negligently baling the cardboard and manufacturing the steel band.
We reversed the trial court's ruling that defendants were additional insureds under the omnibus clause of the plaintiff's employer's insurance policy, concluding that defendants' negligence was not related to plaintiff's use of the covered vehicle. "[T]he pertinent inquiry is whether the acts of negligence charged to defendants were a part of the overall loading or unloading operation so that, in the commission of the negligent acts charged, defendants can be said to have been using the vehicle and thereby became additional insureds under the policy." Id. at 45, 262 A.2d 223.
As in Cenno, the pertinent inquiry is whether the acts of negligence alleged against Union Garage were part of the use of the vehicle when the injury occurred. Union Garage's negligent acts were not a part of the use giving rise to the injury. See also Forsythe v. Teledyne Turner Tube, 209 N.J. Super. 608, 617, 508 A.2d 1156 (App.Div. 1986) (adjustment to loading dock plate which was necessary to unload truck was not a use of the vehicle).
That plaintiff may have been "using" the truck at the time he sustained his injuries ... is simply not relevant to the question whether the act of the defendant which caused his injuries was a use of the truck. [Halifko v. Cities Serv. Oil Co., 510 F. Supp. 1131, 1134 (D.N.J. 1981), aff'd, 676 F.2d 685 (3rd Cir.1982).]
Applying New Jersey law, the United States District Court judge in Halifko found that the warehouse owner was not covered under an omnibus insurance clause because the owner of a negligently maintained loading dock was not using the vehicle. Judge Debevoise found that mere negligent maintenance of the premises does not constitute a "use" of the covered motor vehicle. Id. at *125 1137. He recognized that permitting coverage under these circumstances would be contrary to the policy behind the insurance statutes:
It would seem ironic to require the truck driver's insurance company to defend the owner of a negligently maintained loading platform against a negligence claim brought by its own customer, the innocent victim. Not only would this outcome pose an obvious conflict for the insurance company, it would also reduce, insofar as the insurance company was successful in its defense of the platform owner, the named insured's chances of recovering for his injuries. The possibility that some negligent platform owners might be both uninsured and judgment-proof is not a sufficient justification for shifting the financial risk of injuries arising from unsafe property conditions from property owners to the motor vehicle insurance buying public. [Id. at 1136-37.]
As in Halifko, shifting the financial risk of injuries arising from negligent repair of an automobile from the repairer to the insurance-buying population does not further the legislative goal "of assuring financial protection for the innocent victims of motor vehicle accidents." Bellafronte v. General Motors Corp., 151 N.J. Super. 377, 382, 376 A.2d 1294 (App.Div.), certif. denied, 75 N.J. 533, 384 A.2d 513 (1977).
The question whether a particular accident arises from the use or maintenance of the covered automobile only becomes relevant after a party qualifies as an additional insured. Cf. Westchester Fire Ins. Co. v. Continental Ins. Cos., 126 N.J. Super. 29, 36-37, 312 A.2d 664 (App.Div. 1973), aff'd, 65 N.J. 152, 319 A.2d 732 (1974). Even if we accept Union Garage's contention that the injuries were caused by the negligent maintenance of the truck, Atlantic is not required to defend Union Garage against plaintiff's claims because Union Garage is not an additional insured under Fieldville's policy. Because Union Garage was not an additional insured under the policy, we need not address the enforceability and applicability of the exclusions contained in Part IV of the insurance policy.
Reversed and remanded for entry of a judgment in favor of Atlantic. We do not retain jurisdiction.
NOTES
[1] Judge Shebell did not participate in oral argument. However, the parties consented to his participation in the decision.